COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


VONDA KAY WILSON
                                        OPINION BY
v.    Record No. 2683-98-1        JUDGE JERE M. H. WILLIS, JR.
                                       DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                   Rodham T. Delk, Jr., Judge

           S. Jane Chittom, Appellate Counsel (Elwood
           Earl Sanders, Jr., Appellate Defender; Public
           Defender Commission, on briefs), for
           appellant.

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     On appeal from the revocation of her suspension of

sentence, Vonda Kay Wilson contends that the trial court erred

in sentencing her to prison, rather than ordering her admission

to a community-based detention center.  She argues that her

sentence violates the Americans with Disabilities Act, 42 U.S.C.

§ 12101 et seq. (ADA).  We disagree and affirm the judgment of

the trial court.

     On September 2, 1993, Wilson was convicted of unlawful

wounding and was sentenced to five years imprisonment, suspended

on conditions including probation.  On March 10, 1998, the trial

court determined that Wilson had violated the conditions of her

probation for the third time. At that time, three years and

four months remained to be served under her original sentence.

The trial court ordered:

> That the defendant shall be screened and
> evaluated for the Detention Center Program.
> The court further ordered that the defendant
> shall enroll into and successfully complete
> the said program with an emphasis on Drug
> Abuse Treatment. If the defendant is not
> accepted into said program, or if she does
> not enroll into and successfully complete
> said program, she shall be brought back
> before the Court and ordered to serve the
> imposed sentence of three (3) years and four
> (4) months.

See Code §§ 19.2-316.2, 53.1-67.8.

After a psychiatric examination of Wilson, the Department

of Corrections reported that she was ineligible for the

Detention Center Program, an alternative "boot camp" facility,

due to her schizophrenic condition. Based upon this report, the

trial court sentenced Wilson to serve the remainder of her

sentence according to the March 10, 1998 order.

Defense counsel argued that denying Wilson admission to the

Detention Center Program due to her mental condition violated

the ADA. The trial court stated, "if she's not eligible for

detention center I'm not going to ram it down their throats."

Defense counsel replied, "Nobody's asked you to." Defense

counsel did not move for an order requiring the Detention Center

to admit Wilson. Thus, we do not address whether such an order

would have been proper or within the trial court's authority.

-

The trial court then examined other options for Wilson, including a community-based "diversion center."  See Code §§ 19.2-316.3 and 53.1-67.7.  The Commonwealth argued that the March 10, 1998 order sentenced Wilson to incarceration, with suspension only upon condition that she successfully complete the Detention Center Program and drug treatment.  Defense counsel did not argue that the diversion center was an acceptable alternative.  Defense counsel stated, "The [trial] court can emasculate me through giving her the diversion center or it can frame the issue very precisely for [Penn. Dept. of Corrections v.] Yeskey[, 524 U.S. 206 (1998)], or dare I say Wilson, for the future."

Wilson contends that the trial court erred in committing her to prison rather than ordering her admission to the Detention Center.  She argues that by doing so, the trial court violated the ADA.  We disagree.

The purpose of the ADA is to ensure that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Citing Yeskey, Wilson argues that the ADA prohibits the Detention Center from rejecting her on the basis of her mental condition.  Yeskey proclaims no such holding.

-

Yeskey was sentenced to a boot camp facility, which refused his admission due to his history of hypertension. The Supreme Court held that a state prison is a "public entity" as an "instrumentality of a State . . . or local government." 42 U.S.C. § 12131(1)(B). Thus, action by prison officials may violate the requirements of the ADA. See 42 U.S.C. § 12132. That is the full extent of the Yeskey holding. The holding addressed that issue alone because the trial court in Yeskey had not addressed the merits of Yeskey's claim, but had dismissed his original suit for failure to state a claim.

Wilson fails to recognize that Yeskey was a civil suit, filed in accordance with the provisions of the ADA.

> The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. § 12133. That section provides specific civil and administrative remedies. Nowhere in the ADA does it appear that Congress intended the Act to provide rights that could be asserted in a criminal proceeding or at a probation revocation hearing. Assuming, without deciding, that the Detention Center violated the ADA in rejecting Wilson, a probation revocation hearing in a criminal court is not the proper forum in which to attack that violation. The Detention Center is not a party to this case.

-

The March 10, 1998 sentencing order directed that Wilson be incarcerated to serve her remaining sentence if she were ineligible for the Detention Center.

> A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so "for any cause deemed by it sufficient." . . . The court's findings of fact and judgment will not be reversed unless there is a clear abuse of discretion.

Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991) (citation omitted).  Having found that Wilson had violated her probation, the trial court had discretionary authority to order her to serve her original sentence.

The issue before us is whether revocation of Wilson's probation and the imposition of her remaining sentence was an abuse of discretion.  Considering her previous probation violations and her unsuitability for alternative programs, we find no such abuse.  Accordingly, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

Affirmed.

-