2003 OK 78

STATE of Oklahoma ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

John Frederick BONIFACE, Respondent.

SCBD No. 4662.

Supreme Court of Oklahoma.

Sept. 30, 2003.

¶ 0 Order Approving Resignation from Oklahoma Bar Association Pending Disciplinary Proceedings.

¶ 1 Before this Court is an affidavit filed by John Frederick Boniface in the above-styled bar disciplinary action, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. ch.1, App. 1A (Supp.1996), requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law, and Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings.

¶ 2 UPON CONSIDERATION OF THE MATTER WE FIND:

1.  Respondent John Frederick Boniface executed his resignation pending disciplinary proceedings on May 21, 2003.

2.  Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3.  Respondent was aware that the following grievances were lodged with the Office of the General Counsel of the Oklahoma Bar Association and are presently being investigated:

(a) *State of Oklahoma v. John Frederick Boniface*, District Court of Oklahoma county, CF–2002–708, wherein he pled guilty and was convicted of possession of methamphetamine and was sentenced on May 5, 2003 to a term of ten years in prison and ordered to complete Drug Offenders Work Camp with the balance of the sentence to be suspended upon completion. Boniface also entered a plea of guilty on that day to the charge of possession of paraphernalia and was sentenced to one year imprisonment to run concurrent with the other count.

(b) (1) On June 11, 2000, Boniface failed to appear for the disposition docket of Judge William Manger of the Municipal Court of Oklahoma City, after being paid by the client and advised of the court date. Boniface advised neither the court nor his client that he would not appear. Judge Manger wrote Boniface a letter indicating that if he failed to appear in any other matters, his actions would be referred to the Oklahoma Bar Association.

On September 29, 2000, Boniface again failed to appear at Judge Manger's Disposition Docket after being paid by the client and advised of the court date. Boniface advised neither the court nor his client that he would not appear. Judge Manger informed the Bar Association of Boniface's failures to appear. Boniface informed the Bar Association

that he had "taken steps to assure that there will not be a repeat incident."

On April 2, 2001, Boniface failed to appear at the Jury Trial Docket of Judge Manger after being paid by the client and advised of the court date. Boniface advised neither the court nor his client that he would not appear. Boniface also failed to appear that morning in three other courtrooms of the Municipal Court of Oklahoma City in which he had jury trials set. Boniface did not advise any court or any client in advance that he would not appear.

(2) During the year 2000, Boniface was consistently late before Judge Herb Mesigh of the Municipal Court of Oklahoma City. Judge Mesigh had three conferences with Boniface warning that such conduct would not be tolerated. Boniface promised that in the future he would be more diligent.

After Boniface promised to be more diligent, he failed to appear for Jury Disposition Call Docket of Judge Mesigh on August 8, 2000. Boniface had been retained by four clients to appear at that docket and represent them. Boniface failed to appear and failed to advise the court or his clients that he would be unable to appear.

On August 22, 2000 Boniface again failed to appear on a trial docket before Judge Mesigh. Once again, he had been retained, and failed to notify both the court and client that he would be delayed, or would be unable to appear. Boniface appeared two hours late, after the matter had be disposed of by the court.

Boniface failed to appear without notice before Judge Mesigh on December 19, 2000, where he was retained by two clients. And, again on February 1, 2001, he failed to appear at a Jury Call Docket in the Oklahoma City Municipal Court where he was to represent four clients. He notified neither the court nor the clients of his inability to appear.

(3) In the years 2000 and 2001, Boniface repeatedly failed to appear before Judge Barbara Swinton of the District Court of Oklahoma County in a matter in which he was representing a client. He failed to advise the court and opposing counsel that he would not appear in court for scheduled hearings. Boniface missed at least four scheduled hearings and was late to another. Judge Swinton requested that Boniface meet with her after this matter had been concluded to discuss his tardiness and neglect and he failed to keep that appointment.

(4) During the year 2001 Boniface was often late for appearances in the court of Judge Twyla Mason Gray, District Court of Oklahoma County. Boniface never advised the court that he would be tardy. Judge Gray repeatedly warned Boniface that such conduct would not be tolerated. On May 17, 2001, Boniface failed to appear for a scheduled 9:00 a.m. hearing and failed to advise the court in advance that he would be late or that he would not appear. Boniface telephoned the court shortly before noon and explained that he thought the hearing was scheduled at 2:00 that afternoon. The matter was continued until that time. Boniface arrived at the court at 3:45 p.m. that day explaining that he had fallen asleep and had missed the 2:00 p.m. hearing. The court held Boniface in contempt and had him arrested.

(5) In 2001, Boniface was paid to represent a client in a criminal matter in Oklahoma District Court. After his client was found guilty in a jury trial, and the sentencing was continued to another date, Boniface failed to appear for the sentencing and failed to call or notify the court or his client that he would be unable to appear. The court continued the sentencing for a week. Boniface, aware of the new sentencing date, failed again to appear, without contacting the court or his client.

(6) In 2001, Boniface was paid to represent a client in a criminal matter in the District Court of Cleveland County, Oklahoma. The matter had been scheduled for hearing eleven times. Boniface failed to appear without contacting his client or the court on six occasions.

(7) In 2001 and 2002, Boniface was paid to represent a client regarding charges then pending in the Municipal Court of Oklahoma City. He was tardy on several occasions and missed several hearings altogether. Boniface repeatedly failed to respond to his client's telephone calls and failed, for several months to inform this client that she was required to attend anger management classes and had six months to complete the classes as ordered by the court.

4. Respondent was aware that the burden of proof regarding the aforementioned complaints rests upon the Oklahoma Bar Association. Respondent waived any and all rights to contest the allegations.

5. Respondent was aware that the complaints lodged and being investigated concerning his conduct, if proven, would constitute violation of the Oklahoma Rules of Professional Conduct and the Oklahoma Rules Governing Disciplinary Proceedings.

6. Respondent has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, and acknowledges that he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings.

7. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the date of this order.

8. Respondent acknowledges that as a result of his conduct that the Client Security Fund may receive claims from his former clients.

9. Respondent has agreed to reimburse the Client Security Fund the principal amounts and applicable statutory interest for any claims the Oklahoma Bar Association should approve, with the payments being made prior to the filing of any application for reinstatement.

10. Respondent agrees that costs have been incurred by the Oklahoma Bar Association in the investigation of the above stated matters but that these costs have been waived by the Oklahoma Bar Association.

11. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing disciplinary Proceedings, 5 O.S. ch.1, App. 1A (Supp.1996).

12. Respondent's name and address appear on the official roster maintained by the Oklahoma bar Association as: John Frederick Boniface, OBA # 16810, 228 Robert S. Kerr, Ste. 620, Oklahoma City, OK 73102.

13. Respondent's resignation should be approved.

¶3 **IT IS THEREFORE ORDERED THAT** Complainant's application and Respondent's resignation be approved.

¶4 **IT IS FURTHER ORDERED THAT** Respondent's name be stricken from the Roll of Attorneys, and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years form the date of this order.

¶5 **IT IS FURTHER ORDERED THAT** Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S. ch.1, App. 1A. (Supp.1996).

¶6 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29TH DAY OF SEPTEMBER 2003.**

¶7 ALL JUSTICES CONCUR.