No. 03-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 41

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

RANDALL M. RUDOLPH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 98–18
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Helena, Montana

      For Respondent:

            Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

            Mike Weber, Richland County Attorney; Sidney, Montana

            Submitted on Briefs:  January 18, 2005

            Decided:  February 22, 2005

Filed:

_____
            Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Randall M. Rudolph (Rudolph) appeals from the order entered by the Seventh Judicial District Court, Richland County, revoking his suspended sentence. We affirm in part, reverse in part and remand for resentencing.

¶2    Rudolph raises the following issues:

¶3    1. Did the District Court abuse its discretion in revoking Rudolph's suspended sentence?

¶4    2. Did the District Court err in imposing new conditions after revoking Rudolph's suspended sentence?

¶5    3. Did the District Court err in ordering Rudolph to reimburse Richland County for legal expenses incurred during the revocation proceeding?

BACKGROUND

¶6    On March 20, 1998, the State of Montana (State) charged Rudolph by information with the felony offense of issuing bad checks. Rudolph subsequently pleaded guilty to the charge pursuant to a plea agreement. The District Court accepted Rudolph's guilty plea and sentenced him to a five-year commitment to the Department of Corrections (DOC) with all but 139 days suspended. The court also imposed a variety of conditions on the suspended sentence, including that Rudolph not leave his assigned district without a travel permit or permission from his supervising probation officer, that he report to his probation officer as directed and that he comply with all city, county, state and federal laws and ordinances.

2

¶7 In June of 1999, the State petitioned to revoke Rudolph's suspended sentence based on the allegation that he traveled outside his assigned district without the knowledge or permission of his probation officer. This petition subsequently was dismissed on the State's motion. On February 3, 2003, the State again petitioned to revoke Rudolph's suspended sentence based on allegations that Rudolph had violated various local ordinances and state laws on numerous occasions, traveled outside his assigned district without permission and failed to report to his probation officer as directed on four occasions.

¶8 After holding a hearing on the petition, the District Court revoked Rudolph's suspended sentence. The court then sentenced Rudolph to a five-year commitment to the DOC, with credit for 365 days of time served, and ordered that all but 20 months of the sentence be suspended. The court also imposed all the conditions contained in Rudolph's original sentence, as well as seven additional conditions. Rudolph appeals.

## STANDARD OF REVIEW

¶9 We review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion. State v. Drube, 2003 MT 138, ¶ 9, 316 Mont. 156 ¶ 9, 69 P.3d 1182, ¶ 9. We review a district court's imposition of a sentence in a criminal case for legality only, confining our review to whether the sentence is within the parameters of the sentencing statutes. Drube, ¶ 15.

## DISCUSSION

¶10 1. Did the District Court abuse its discretion in revoking Rudolph's suspended sentence?

3

¶11 As stated above, the State petitioned to revoke Rudolph's suspended sentence based on allegations that he violated various local ordinances and state laws on numerous occasions, traveled outside his assigned district without permission and failed to report to his probation officer as directed on four occasions. The State produced evidence at the hearing on the petition establishing that Rudolph failed to appear for scheduled appointments with his probation officer in April and August of 2000, May of 2002 and January of 2003. The State also established that Rudolph traveled outside his assigned district without permission in June of 1999 and July of 2000. Finally, the State produced evidence regarding Rudolph's numerous convictions for violating local ordinances and state laws, which included: (1) five violations of state motor vehicle laws occurring in October of 1999, October of 2000, May of 2000, and October of 2002; (2) eight violations of local ordinances relating to the ownership and care of dogs occurring in June, August and September of 2001, and August of 2002; (3) a violation of a local ordinance relating to maintaining a public nuisance in August of 2002; and (4) a violation of state law regarding unlawful transactions with minors in January of 2003. Rudolph testified on his own behalf, admitting some of the alleged probation violations and disputing others.

¶12 Based on the State's evidence, the District Court revoked Rudolph's suspended sentence. Rudolph contends the court abused its discretion in doing so because the majority of the incidents on which the revocation petition was based were too remote in time to provide sufficient grounds on which to revoke his sentence. He asserts that the State's unreasonable delay in seeking revocation on these probation violations denied him his right

4

to due process under the Montana and United States Constitutions. Rudolph concedes, however, that he did not raise this due process argument in the district court. Generally, we will not address arguments or legal theories raised for the first time on appeal. See, e.g., State v. Herrick, 2004 MT 323, ¶ 28, 324 Mont. 76, ¶ 28, 101 P.3d 755, ¶ 28; State v. Courville, 2002 MT 330, ¶ 5, 313 Mont. 218, ¶ 5, 61 P.3d 749, ¶ 5. Notwithstanding his failure to raise it below, Rudolph urges us to address his due process argument under our common law doctrine of plain error review. We decline to do so. It is unnecessary to determine whether the probation violations which Rudolph asserts are stale were too remote in time to provide a basis for the revocation, as the State presented sufficient evidence of a recent probation violation to support the District Court's decision to revoke Rudolph's sentence.

¶13 A district court may revoke a defendant's suspended sentence if it finds that the defendant has violated the terms and conditions of the sentence. Section 46-18-203(7)(a), MCA. Even a single violation of the terms and conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence. See, e.g., State v. Anderson, 2002 MT 92, ¶ 11, 309 Mont. 352, ¶ 11, 46 P.3d 625, ¶ 11; State v. Lindeman (1997), 285 Mont. 292, 306, 948 P.2d 221, 230. In the present case, one of the probation violations on which the District Court based its decision to revoke Rudolph's suspended sentence was his conviction for endangering the welfare of children, which occurred on January 10, 2003, less than one month prior to the State filing its petition for revocation. Rudolph concedes that he was convicted for this offense, the conviction was a violation of

5

his probation conditions and the conviction was not stale for purposes of the revocation proceeding. As a result, this single violation of the terms and conditions of Rudolph's suspended sentence is sufficient to support the District Court's revocation of that sentence. We hold, therefore, that the District Court did not abuse its discretion in revoking Rudolph's suspended sentence.

¶14     2. Did the District Court err in imposing new conditions after revoking Rudolph's suspended sentence?

¶15     In sentencing Rudolph following the revocation, the District Court imposed all of the conditions on the suspended portion of the sentence which it had imposed on Rudolph's original sentence. Additionally, the court imposed seven new conditions. Rudolph contends that the District Court erred in sentencing him because the court did not have statutory authority to impose new conditions on his suspended sentence.

¶16     The law in effect at the time an offense is committed controls as to the possible sentence for the offense, as well as a revocation of that sentence. State v. Brister, 2002 MT 13, ¶ 26, 308 Mont. 154, ¶ 26, 41 P.3d 314, ¶ 26. Here, the acts committed by Rudolph which constituted the offense of issuing bad checks occurred in 1997. Consequently, the 1997 sentencing and revocation statutes apply in this case.

¶17     Pursuant to § 46-18-203(7), MCA (1997), once the District Court determined Rudolph had violated the terms and conditions of his suspended sentence, it had the following options: (a) continue the suspended sentence without a change in conditions; (b) continue the suspended sentence with modified or additional terms and conditions; or (c) revoke the

suspended sentence and require the defendant to serve either the sentence imposed or any lesser sentence. Thus, the District Court could only impose modified or additional conditions if it decided to continue Rudolph's suspended sentence. Here, however, the court revoked Rudolph's suspended sentence and, pursuant to § 46-18-203(7)(c), MCA (1997), it had no authority to add conditions to the newly imposed sentence.

¶18 The State concedes that the District Court exceeded its statutory authority in imposing new conditions after revoking Rudolph's suspended sentence. Both the State and Rudolph contend that the case should be remanded to the District Court for resentencing. We agree.

¶19 We hold, therefore, that the District Court erred in imposing new conditions on the suspended portion of Rudolph's sentence. The sentence imposed is vacated and we remand for resentencing.

¶20 3. Did the District Court err in ordering Rudolph to reimburse Richland County for legal expenses incurred during the revocation proceeding?

¶21 In sentencing Rudolph following the revocation of his suspended sentence, the District Court ordered Rudolph to reimburse Richland County for the expense of his court-appointed attorney in the amount of $547.20. Rudolph contends the court erred in ordering him to pay his attorney's fees because the court failed to consider his financial status and whether he had the ability to pay such costs.

¶22 A district court may require an indigent defendant to pay the costs of court-appointed counsel as part of the sentence imposed. Section 46-8-113(1), MCA. However,

> [t]he court may not sentence a defendant to pay the costs of court-appointed
> counsel unless the defendant is or will be able to pay them. In determining the

7

amount and method of payment of costs, the court shall take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose.

Section 46-8-113(3), MCA. The State concedes that the District Court did not consider Rudolph's financial resources and ability to pay attorney's fees when it ordered him to pay the fees. Therefore, we hold that the District Court erred in ordering Rudolph to reimburse Richland County for legal expenses incurred during the revocation proceeding and we remand for further consideration.

¶23    Affirmed in part, reversed in part and remanded for resentencing.


                                                      /S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS