DA 07-0758

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 464

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

JODI MICHELLE WHITE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-1993-236(B)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Robin A. Meguire, meguirelaw.com, Great Falls, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  November 19, 2008

Decided:  December 31, 2008

Filed:

_____
                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Jodi Michelle White appeals from the Order of Revocation, Judgment and Sentence entered by the Eleventh Judicial District Court, Flathead County. We affirm in part, reverse in part, and remand with instructions.

## BACKGROUND

¶2 White pleaded guilty on February 9, 1994, to the offense of theft, a felony common scheme, committed on or about October 25, 1993. The District Court deferred imposition of sentence for a period of three years, subject to a number of conditions. One of the conditions prohibited White from possessing or consuming intoxicants and from patronizing any bars or other businesses where alcohol is the chief item of sale.

¶3 On August 16, 1994, the District Court revoked White's deferred sentence as a result of her consuming alcohol. The court imposed a sentence of ten years at the Women's Correctional Facility. The court required White to serve 30 days in the Flathead County Detention Center and suspended the remainder of the sentence, subject to the conditions imposed in its February 1994 judgment. As further conditions of probation, the court ordered White to pay a fine of $1,000 and a surcharge of $100, to submit to screening for Intensive Supervised Probation, and, if accepted, to comply with all the requirements imposed by that program.

¶4 On July 17, 1996, the District Court amended its February 1994 judgment, without objection, to include a requirement that White submit to an analysis of her blood, breath, or urine at the reasonable request of her probation officer.

2

¶5    In May 1997, the District Court found that White had violated her probation by consuming alcohol. The court thus revoked her suspended sentence. On August 14, 1997, the court sentenced White to ten years at the Women's Correctional Facility. The court suspended this entire sentence, subject to the conditions imposed in its February 1994, August 1994, and July 1996 judgments. In addition, the court required White to attend Alcoholics Anonymous meetings four times a week, unless allowed or directed to do otherwise by her probation officer, and to participate in any counseling deemed appropriate by her probation officer, including counseling for chemical dependency and financial difficulties.

¶6    On October 19, 2006, the State filed a petition to revoke White's suspended sentence. The State alleged that White had violated the conditions of her probation by consuming alcohol and failing to remain law-abiding. White appeared in court on February 1, 2007, and admitted these violations. Accordingly, the court revoked her suspended sentence.

¶7    On February 14, 2007, the State filed a second petition for revocation, alleging that White had continued to violate the terms of her probation by patronizing bars, consuming alcohol, and failing to remain law-abiding. White appeared in court on March 8, 2007, and admitted she had continued to violate the conditions of her probation since February 1 by being in a bar and by drinking alcohol.

¶8    On April 25, 2007, White filed a motion to dismiss the State's two petitions to revoke her suspended sentence. She argued that the District Court, in 1997, had "continued" the ten-year sentence imposed in August 1994 and that this sentence,

3

therefore, had "expired" in 2004. White's theory was that the District Court's "action of adding conditions to the sentence had the legal effect of continuing the sentence." *See* § 46-18-203(7)(b), MCA (1993). On this basis, White asserted that the court lacked jurisdiction in the instant revocation proceeding to consider and rule on the State's October 2006 and February 2007 petitions.

¶9 Alternatively, White argued that "[i]mposition of a 24-year sentence for a charge of theft, which carries a maximum penalty of 10 years, is cruel and unusual punishment." (She calculated 24 years based on the assumption that the State would be recommending a sentence of 10 years to the Department of Corrections with 8 years suspended.) White pointed out that while she probably would continue serving her sentence on probation, "probation is nonetheless a form of punishment."

¶10 The District Court denied White's motion to dismiss on May 8, 2007, and sentenced her on August 16, 2007, to the Montana State Women's Prison for a term of ten years, with five years suspended. The court noted that White would receive credit for five years served, leaving a balance of five years, suspended. The court further ordered White to comply with all requirements imposed in the court's February 1994, August 1994, July 1996, and August 1997 judgments. White now appeals.

## ISSUE

¶11 The sole issue on appeal is whether the sentence imposed by the District Court in August 2007 is illegal.

## STANDARD OF REVIEW

4

¶12  This Court reviews a criminal sentence that includes at least one year of actual incarceration for legality. *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, ¶ 174, 167 P.3d 815, ¶ 174. We determine whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. *State v. Stephenson*, 2008 MT 64, ¶ 15, 342 Mont. 60, ¶ 15, 179 P.3d 502, ¶ 15. When properly raised, we also consider whether the sentence is constitutional. *See e.g. State v. Garrymore*, 2006 MT 245, ¶¶ 16-34, 38-39, 334 Mont. 1, ¶¶ 16-34, 38-39, 145 P.3d 946, ¶¶ 16-34, 38-39. These determinations are questions of law and, as such, our review is de novo. *See Stephenson*, ¶ 15; *State v. West*, 2008 MT 338, ¶ 13, 346 Mont. 244, ¶ 13, 194 P.3d 683, ¶ 13.

## DISCUSSION

¶13  White does not deny that she consumed alcohol as alleged by the State in its October 2006 and February 2007 revocation petitions. Rather, she challenges the legality of the sentence imposed by the District Court in August 2007 on both statutory and constitutional grounds.

### White's Statutory-Based Arguments

¶14  For purposes of the ensuing discussion, we note that the law in effect at the time an offense is committed controls as to the possible sentence for the offense, as well as a revocation of that sentence. *West*, ¶ 21 n. 1. White's offense was committed on or about October 25, 1993; thus, the 1993 version of the Montana Code Annotated applies, and all statutory references below are to the 1993 MCA, unless otherwise indicated.

¶15 As noted, the District Court in August 1994 revoked White's three-year deferred sentence and imposed a ten-year suspended sentence, subject to the conditions in the February 1994 judgment as well as the additional conditions imposed in the August 1994 judgment. The court then, in July 1996, amended its February 1994 judgment. Finally, in May 1997, the District Court found that White had violated one or more conditions of her suspended sentence by consuming alcohol. Under § 46-18-203(7), MCA, if a district court finds that the defendant has violated the terms and conditions of a suspended sentence, the court may (a) "continue the suspended . . . sentence without a change in conditions"; (b) "continue the suspended sentence with modified or additional terms and conditions"; or (c) "revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence." Section 46-18-203(7)(a)-(c), MCA.

¶16 One of White's theories on appeal (which is presented as an "alternative" to her main argument) is that the District Court in 1997, pursuant to § 46-18-203(7)(b), MCA, "continued" the ten-year suspended sentence imposed in August 1994 and that this sentence, therefore, expired in August 2004, long before the State filed its petitions. *See* § 46-18-203(2), MCA ("The petition for a revocation must be filed with the sentencing court during the period of suspension or deferral."). Under this theory, the District Court lacked jurisdiction in 2007 to entertain the State's October 2006 and February 2007 petitions for revocation because there was no sentence for the District Court to revoke. Consequently, the new sentence imposed in 2007 is void.

¶17 The District Court, however, considered this argument and determined that in 1997, it had "revoked" White's suspended sentence pursuant to § 46-18-203(7)(c), MCA.

6

White does not dispute this determination with any analysis or argument. As a result, the theory is not properly presented for appellate review. *See State v. Miller*, 2008 MT 106, ¶ 15, 342 Mont. 355, ¶ 15, 181 P.3d 625, ¶ 15.

¶18 White's "alternative" theory aside, her primary argument rests on the premise that the District Court in 1997 "revoked" her ten-year suspended sentence. (The State agrees with this view of events.) According to White, however, the District Court did not then follow the mandate of § 46-18-203(7)(c), MCA, which states that when a district court revokes a suspended sentence, it may "require the defendant to serve either the sentence imposed or any lesser sentence." White points out that the District Court in 1997 imposed the same sentence it had imposed in August 1994, but that the court also imposed new probation conditions, which have now been carried forward into White's 2007 sentence (the sentence at issue on this appeal).

¶19 The crux of White's argument is that adding the new conditions to the 1997 sentence was not authorized by § 46-18-203(7)(c), MCA, and those conditions, therefore, were illegal when imposed. As support for this proposition, White cites *State v. Rudolph*, 2005 MT 41, 326 Mont. 132, 107 P.3d 496, and *State v. Richardson*, 2000 MT 72, 299 Mont. 102, 997 P.2d 786. *See Rudolph*, ¶ 17 ("Here . . . , the court revoked Rudolph's suspended sentence and, pursuant to § 46-18-203(7)(c), MCA (1997), it had no authority to add conditions to the newly imposed sentence."); *Richardson*, ¶ 27 ("Nothing in [§ 46-18-203(7)(c), MCA (1997),] authorizes a court to impose additional restrictions when

7

revoking a suspended sentence.")[1] Hence, White argues, her current sentence is illegal because the District Court carried forward the illegal conditions of her 1997 sentence.

¶20 Before proceeding, it is necessary to clarify the parameters of White's sentencing challenge. White may not, within the context of the present revocation proceeding, challenge the legality of the conditions imposed on her 1997 suspended sentence, as such a challenge is untimely. *See State v. Muhammad*, 2002 MT 47, ¶ 22, 309 Mont. 1, ¶ 22, 43 P.3d 318, ¶ 22. She may, however, challenge the legality of the conditions imposed on her 2007 sentence. *See Muhammad*, ¶ 23. Furthermore, we held in *State v. Seals*, 2007 MT 71, 336 Mont. 416, 156 P.3d 15, that a district court under § 46-18-203(7), MCA, may not continue or reimpose an illegal sentence, but may only impose "any lesser sentence" that is legal. *See Seals*, ¶¶ 14-18. Accordingly, we consider here the question of whether White's 1997 sentence was legal only for the purpose of determining whether the District Court had authority under § 46-18-203(7), MCA, to reimpose it.

¶21 In response to White's arguments, the State asserts that our decision in *Rudolph* was not "dictated" by the wording of § 46-18-203(7), MCA. According to the State, § 46-18-203(7)(c), MCA, "limits the authority of the court to impose a longer term of sentence rather than its ability to condition the terms of the court's sentence." In other words, when a court revokes a suspended sentence, "it is limited to the term of the suspension—which in this case was ten years—but the statute does not limit the court's

---

[1] Like the 1993 version of § 46-18-203(7)(c), MCA, the 1997 version stated: "If the court finds that the defendant has violated the terms and conditions of the suspended . . . sentence, the court may . . . revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence." Section 46-18-203(7)(c), MCA (1997) (paragraph break omitted).

authority to condition the terms of a subsequent suspension so long as those conditions—like the term of sentence—could have been imposed initially." The only authority cited by the State for this proposition is *Seals*; however, we did not articulate any such holding in *Seals*.

¶22 Moreover, the State approaches this issue from the wrong perspective, asking whether the statute "limits" the court's sentencing authority. District courts do not have inherent authority to impose criminal sentences except as "limited" by statute. To the contrary, it is well-established that a district court's authority to impose a criminal sentence is defined and constrained by statute, and a district court has no power to impose a sentence in the absence of specific statutory authority. *See State v. Ruiz*, 2005 MT 117, ¶ 12, 327 Mont. 109, ¶ 12, 112 P.3d 1001, ¶ 12; *State v. Hatfield*, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993). A sentence not based on specific statutory authority is an illegal sentence. *Ruiz*, ¶ 12. Thus, the question here is whether § 46-18-203(7)(c), MCA, *authorizes* the sentence at issue.

¶23 Again, when a court revokes a suspended sentence, § 46-18-203(7)(c), MCA, authorizes the court to "require the defendant to serve either the sentence imposed or any lesser sentence." Given its context, the term "lesser sentence" must be understood as signifying a sentence which is "lesser" than "the sentence imposed." The State attempts to portray a ten-year suspended sentence subject to Conditions A, B, and C as no different (for purposes of § 46-18-203(7)(c), MCA) than a ten-year suspended sentence subject to Conditions A, B, C, D, E, and F. We are not persuaded. It is self-evident that if "the sentence imposed" was a ten-year suspended sentence subject to Conditions A, B,

9

and C, then a ten-year suspended sentence subject to Conditions A, B, and C *plus* Conditions D, E, and F is neither "the sentence imposed" nor a "lesser" sentence.

¶24 We accordingly hold that the District Court was not authorized in 1997 to add new conditions to the newly imposed suspended sentence. *Rudolph*, ¶ 17; *Richardson*, ¶ 27. Therefore, the District Court could not reimpose those illegal conditions upon revocation of the sentence in 2007. *Seals*, ¶ 17. Rather, the court had to impose "any lesser sentence" that was legal. *Seals*, ¶ 17; § 46-18-203(7)(c), MCA.

¶25 The State points out that even if certain conditions on White's 2007 sentence are not statutorily authorized, "the proper remedy would be for this Court or the district court to strike the offending conditions." We agree. *See DeShields v. State*, 2006 MT 58, ¶ 11, 331 Mont. 329, ¶ 11, 132 P.3d 540, ¶ 11 ("A sentence in excess of one prescribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess."). White, however, contends that "[t]he entirety" of her August 1997 sentence "was illegal and void because it imposed new conditions not authorized by statute" and, thus, her 2007 sentence is illegal as well and must be vacated. Yet, at the same time, citing ¶ 11 of *DeShields*, White acknowledges that "an illegal sentence . . . is void to the extent it exceeds statutory authority." We agree with this statement and hold that the proper remedy here is to strike the unauthorized conditions on White's 2007 sentence—namely, any conditions not included in the District Court's February 1994, August 1994, and July 1996 judgments.

¶26 As a final matter, we note that it is not necessary to disturb the District Court's decision in 2007 to revoke White's 1997 suspended sentence. White's February 1994

10

sentence included a condition that White not consume alcohol, and the District Court had authority to reimpose this condition (as the court did) in all of her subsequent sentences. *See* § 46-18-203(7)(c), (d), MCA. Thus, given White's admitted consumption of alcohol in 2006 and 2007, the District Court had a valid basis to revoke her suspended sentence.

¶27 In sum, when it revoked White's suspended sentence in 1997, the District Court had no authority to add new conditions to the newly imposed suspended sentence. Accordingly, the court had no authority to reimpose those illegal conditions in 2007, and the conditions must therefore be stricken. White's 2007 sentence is not otherwise illegal on the statutory grounds she raises in this appeal.

### White's Constitutional-Based Arguments

¶28 White claims that even if her 2007 sentence is legal under the applicable statutes, the sentence violates Article II, Sections 22 and 28 of the Montana Constitution. She notes that the maximum penalty for her 1993 burglary is ten years, *see* § 45-6-301(6)(b), MCA, but that she is still serving a sentence related to that offense more than ten years later. She claims that "it is her consumption of alcohol, rather than any criminal proclivities, that has been the impetus for the previous revocations." She asserts, without any analysis, that "any further punishment for a fifteen-year-old theft crime is cruel and unusual and does not serve any reformative purpose."

¶29 We conclude that White's argument in this connection is too undeveloped. The two-paragraph analysis in her opening brief and the one-paragraph analysis in her reply brief (which essentially reiterates the points made in her opening brief) do not contain any application of specific constitutional rules to the facts of this case. Nor do they

11

contain any citation to authority standing for the proposition she asserts. It is well-established that it is not this Court's job to conduct legal research on a party's behalf or to develop legal analysis that may lend support to the position the party advances. *See State v. Zakovi*, 2005 MT 91, ¶ 28, 326 Mont. 475, ¶ 28, 110 P.3d 469, ¶ 28; *State v. Gomez*, 2007 MT 111, ¶ 33, 337 Mont. 219, ¶ 33, 158 P.3d 442, ¶ 33. Accordingly, we will not address White's constitutional-based contentions any further.

## CONCLUSION

¶30　We hold under § 46-18-203(7)(c), MCA, that the District Court had no authority to impose new conditions on White's 1997 sentence and that the court, thus, has no authority to reimpose those illegal conditions on White's 2007 sentence. Accordingly, we reverse the District Court's August 2007 judgment to that narrow extent and remand this case with instructions that the court strike all conditions on White's current sentence which are not contained in the court's February 1994, August 1994, and July 1996 judgments. We affirm the District Court's August 2007 judgment in all other respects.

¶31　Affirmed in part, reversed in part, and remanded with instructions.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE

12