DA 09-0146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 384N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CINDY KNOWLES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2008-182
Honorable Jeffrey Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Martin J. Eveland, Eveland Law Office, Helena, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

      Leo J. Gallagher, Lewis and Clark County Attorney, Tara Harris, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  October 28, 2009

Decided:  November 10, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     A jury convicted Cindy L. Knowles in the First Judicial District Court, Lewis and Clark County, of one count of assault on a minor, a felony, in violation of § 45-5-212, MCA. Knowles now appeals, raising a trial issue and a sentencing issue.

¶3     The State alleged in the Information and supporting affidavit that on April 28, 2008, Knowles purposely or knowingly caused bodily injury to her then 8-year-old adopted son, C.K., by slapping him multiple times hard enough to leave bruises on his face. Prior to trial, the State filed a motion to allow testimony by C.K. and his 13-year-old brother, B.K., outside Knowles' presence. The State relied on § 46-16-229(1), MCA, which allows for the testimony of a child witness to be taken by two-way electronic audio-video communication if, after considering the factors in § 46-16-228(3), MCA, the court finds by clear and convincing evidence that the child witness is unable to testify in open court in the presence of the defendant because of fear caused by the presence of the defendant, because the child witness would suffer substantial emotional trauma from testifying in the presence of the defendant, or because conduct by the defendant or the defendant's attorney causes the child witness to be unable to continue testifying.

¶4     Knowles objected to the State's motion, citing Article II, Section 24 of the Montana Constitution, which states that "[i]n all criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face . . . ." Knowles asserted that "face to face" precludes the use of two-way audio-video communication devices. She contended that § 46-16-229(1), MCA, was unconstitutional and that granting the State's motion would violate her right to confront the witnesses against her face to face.

¶5     The District Court held a hearing at which Wendy Bazinet (the boys' therapist) and Peter Bovingdon (the boys' attorney) testified. However, no transcript of that hearing has been provided in the record on appeal. Thereafter, the District Court issued an order granting the State's motion. Knowles was found guilty following a two-day trial, and the District Court sentenced her to the Department of Corrections for three years.

¶6     On appeal, Knowles asserts that the District Court erred in allowing C.K. and B.K. to testify via video. She does not challenge the court's analysis under §§ 46-16-228(3) and -229(1), MCA. Rather, she contends that § 46-16-229(1), MCA, is unconstitutional under Article II, Section 24. The State, however, argues that Knowles has failed to support her constitutional challenge with precedent, reasoning, or analysis. *See* M. R. App. P. 12(1)f. We agree. Although Knowles cites three cases (*State v. Davis*, 253 Mont. 50, 830 P.2d 1309 (1992), *Maryland v. Craig*, 497 U.S. 836, 110 S. Ct. 3157 (1990), and *State v. Mizenko*, 2006 MT 11, 330 Mont. 299, 127 P.3d 458), she does so only to distinguish them on procedural grounds. She notes that because she preserved her constitutional challenge to § 46-16-229(1), MCA, in the District Court, this Court now

has "an opportunity" to decide whether that statute violates Article II, Section 24's "face to face" requirement. Yet, her substantive analysis consists of a one-paragraph, largely conclusory argument. This is a wholly inadequate and inappropriate presentation of a constitutional challenge. *See e.g. State v. White*, 2008 MT 464, ¶ 29, 348 Mont. 196, 199 P.3d 274; *State v. Miller*, 2008 MT 106, ¶ 15, 342 Mont. 355, 181 P.3d 625. We note, in addition, that to the extent Knowles is challenging the statute as applied to this particular case, she has not provided a complete record. *See* M. R. App. P. 8(2) (It is the appellant's duty to present this Court with a record sufficient to enable it to rule upon the issues raised, and failure to present the Court with a sufficient record may result in affirmance of the district court on the basis the appellant has presented an insufficient record.). As noted, the transcript of the evidentiary hearing on the State's motion is not in the record. In short, Knowles' constitutional challenge was improvidently considered, poorly briefed, and inadequately supported by an appropriate record.

¶7 As for the sentencing issue, Knowles contends that the District Court's written judgment conflicts with the oral pronouncement of sentence. Specifically, she asserts that the court made an oral pronouncement that she would not be ordered to pay the costs of the jury, but the written judgment orders her to pay said costs in contradiction of the oral sentence. As the State points out, however, Knowles has not provided a transcript of the sentencing hearing in support of this claim, contrary to M. R. App. P. 8(2). *Cf. Giambra v. Kelsey*, 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134. Moreover, the State observes that, in any event, the written judgment does not contain the requirement

Knowles claims it does—i.e., that she pay costs of jury service as a part of her sentence (*see* § 46-18-232(1), MCA)—and we likewise have found no such requirement.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  Knowles has failed to comply with the Montana Rules of Appellate Procedure in briefing the two issues she raises on appeal.

¶9     Affirmed.


                                             /S/ JAMES C. NELSON

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS