JUSTICE NELSON,
specially concurring.
|¶35 I concur with the result reached by the Court in this case. In my ¡view, based on the totality of the sentence at issue here, Tirey received k ‘lesser” sentence than that originally imposed, for purposes of §46-|18-203(7)(c), MCA (1995). Moreover, while I think I understand the kuance intended by the Court in overruling State v. White, 2008 MT 464, 348 Mont. 196, 199 P.3d 274, State v. Brister, 2002 MT 13, 308 Mont. 154, 41 P.3d 314, and State v. Rudolph, 2005 MT 41, 326 Mont. 132, 107 P.3d 496 (see Opinion, ¶ 27), I believe the Court’s opinions in fthose cases were, nevertheless, correct based on the facts of the cases.[1]
*518 ¶36 I am not entirely in agreement with the Court that, other things being equal, adding to a sentence a condition that might be denominated as “non-punitive” keeps the sentence within the “same” or ‘lesser”requirement of §46-18-203(7)(c), MCA (1995). Opinion, ¶ 28. ‘Rehabilitative” or “non-punitive” conditions-arguably, for example, | mandatory attendance at Alcoholics Anonymous meetings-still make the defendant’s sentence more burdensome[2] and provide an additional pitfall that the probationer must negotiate if he is to maintain his probationary status. Indeed, many of the probation revocation cases we review are grounded in the probationer’s failure to abide by one or more of the ever-growing laundry list of “rehabilitative” or “non-punitive” conditions that sentencing courts, probation officers, and the Department of Corrections cram into sentencing orders.
¶37 I agree with the result of the Court’s decision here. However, I will continue to apply the Mount test, on a case-by-case basis, in the future.
¶38 I specially concur.

 In White, for example, we observed that the revocation sentence was the same h terms of the incarceration time. White, ¶¶ 18, 23. However, the court added onditions to that sentenceJWhite was required to attend Alcoholics Anonymous meetings four times a week and to participate in counseling as deemed appropriate by er probation officer, including counseling for chemical dependency and financial ifficulties. White, ¶ 5. Hence, White did not receive a ‘lesser” sentence as required by 46-18-203(7)(c), MCA (1993). Brister, moreover, did not even involve the issue of a esser” sentence, since the 1983 revocation statute allowed the district court either to *518 revoke the suspended sentence and order the defendant to serve the remainder of ha prison term, or to continue the suspended sentence “under the original terms.” BristeI ¶ 27. Thus, the district court had no authority to continue Brister’s suspended sentenf conditioned upon multiple new conditions and terms not contained in his origin| sentence. Brister, ¶ 27.

 See State v. Mount, 2003 MT 275, ¶¶ 24-25, 317 Mont. 481, 78 P.3d 82 (reaffirming the Court’s adherence to the three-prong ex post facto test, the secón prong of which is triggered when the punishment for a burdensome’! crime is made “moi