FILED

02/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0185

DA 22-0185

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 35N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DEVIN DERUSKY LANDUCCI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BDC-14-126
                    Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Joseph P. Howard, Joseph P. Howard, P.C., Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
      Assistant Attorney General, Helena, Montana

      Joshua A. Racki, Cascade County Attorney, Matthew Robertson, Deputy
      County Attorney, Great Falls, Montana

Submitted on Briefs:  December 20, 2023

Decided:  February 20, 2024

Filed:

_____
                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Devin Derusky Landucci (Landucci) appeals a May 24, 2021 Judgment entered by the Eighth Judicial District Court, Cascade County, imposing a revocation sentence of twenty-five years in Montana State Prison, with ten years suspended, after his original deferred imposition of sentence was revoked after a hearing on May 3, 2021. Landucci argues the District Court's original imposition of a deferred sentence was illegal as beyond its statutory authority and, therefore, the State's petition for revocation and subsequent resentencing were improper. We affirm.

¶3 In 2014, Landucci pled guilty to one count of sexual intercourse without consent after engaging in sexual intercourse on multiple occasions with a twelve-year-old female. Pursuant to a plea agreement, the State agreed to recommend that the District Court defer imposition of sentence for six years. Landucci also agreed to complete sexual offender treatment and to cover various costs associated with his prosecution.

¶4 The District Court accepted the plea agreement and, on August 6, 2014, sentenced Landucci in accordance with the agreed terms, including a deferred imposition of sentence for six years with credit for sixty-one days of pretrial incarceration. The District Court required payment of the following: a surcharge of the greater of $20 or 10% of the fine for

each felony offense under 46-18-236(1)(b), MCA; a surcharge of $50 for each misdemeanor or felony charge for victim and witness advocate programs under § 46-18-236(1)(c), MCA; and a $10 court information technology fee for each charged count under § 3-1-317, MCA. Landucci additionally agreed to multiple other conditions that were imposed by the District Court, including that he would abide by all city, state, and federal laws and ordinances. Landucci did not object to any aspect of his plea agreement or sentence, and he did not appeal.

¶5    Almost six years later, in January 2020, Landucci was charged with sexual intercourse without consent and aggravated assault in Park County, Montana. He was still on probation at the time. These charges were ultimately reduced by way of a plea agreement to a single count of criminal endangerment. Thereafter, the State petitioned to revoke Landucci's 2014 sentence, asserting the 2020 charges violated the terms and conditions of his deferred imposition of sentence. An evidentiary hearing was held on the State's petition, and the District Court revoked Landucci's 2014 sentence. On May 24, 2021, the District Court entered a Judgment sentencing Landucci to twenty-five years in Montana State Prison, with ten years suspended. Landucci appeals.

¶6    "We review a district court's revocation of a suspended sentence for abuse of discretion." *State v. Tirey*, 2010 MT 283, ¶ 19, 358 Mont. 510, 247 P.3d 701. "We review a criminal sentence for legality to determine whether the sentence is within statutory parameters." *State v. Adams*, 2013 MT 189, ¶ 11, 371 Mont. 28, 305 P.3d 808. "Such a determination of legality is a question of law, which is reviewed de novo." *Adams*, ¶ 11.

3

¶7 Landucci raises no legal error with regard to the revocation sentence he received in 2021, and from which he has appealed. Instead, he argues the District Court erred in 2014 by then deferring imposition of his sentence for the period of six years. Specifically, he asserts that, under the then-governing statute, § 46-18-201(1)(a)(i)-(ii), MCA (2013), the District Court was prohibited from deferring his sentence for more than three years because—according to his argument—no "financial obligations" were imposed, only "statutorily mandated surcharges." Consequently, in his view, because the original 2014 deferred sentence was erroneous, the State's petition to revoke that sentence was untimely filed, and the subsequent revocation and resentencing by the District Court was illegal. However, we disagree.

¶8 Although Landucci frames his appeal as a challenge to his 2021 revocation and resentencing, he identifies no flaw on the face of this judgment. Rather, his challenge is to the interpretation of "financial obligations" under § 46-18-201(1)(a)(ii), MCA (2013), made by the District Court in 2014. Accordingly, as argued by the State, the threshold inquiry is whether Landucci can now challenge the legality of the District Court's 2014 Judgment, which he then failed to appeal. Under the many cases in which we have addressed this issue, he may not.

¶9 A defendant has sixty days from the entry of judgment to file an appeal challenging a sentence. M. R. App. P. 4(5)(b)(i). "If a defendant does not appeal, he is generally precluded from later challenging the legality of the sentence." *Adams*, ¶ 15 (quoting *State v. Muhammad*, 2002 MT 47, ¶ 22, 309 Mont. 1, 43 P.3d 318). We have explained under

4

what circumstances a sentencing court can correct a sentence alleged to be illegal. As Justice Cotter wrote for the Court:

> [A] sentencing court's authority to re-sentence a criminal defendant based upon an illegal sentence depends upon *when* the illegal sentence is discovered and challenged. If the illegal sentence is challenged while the defendant is serving the sentence, the court has the authority to correct the sentence by imposing a sentence that was statutorily authorized . . . . If, however, the illegal sentence is challenged during a revocation proceeding held while the defendant is serving the suspended portion of the illegal sentence, the court, upon sentencing in the revocation proceeding, is constrained by the particulars of [the revocation sentencing provisions].

*State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15 (emphasis in original). One year later, we again emphasized that a defendant could not use a revocation proceeding as a vehicle to challenge an earlier sentence not appealed within the sixty-day limit. *See State v. White*, 2008 MT 464, ¶ 20, 348 Mont. 196, 199 P.3d 274 ("[The Defendant] may not, within the context of the [2007] revocation proceeding, challenge the legality of the conditions imposed on her 1997 suspended sentence, as such a challenge is untimely.") (overruled on other grounds).

¶10     Our decisions in *Muhammad* and *Adams* likewise illustrate this principle. In *Muhammad*, the defendant was sentenced for sexual intercourse without consent pursuant to a plea bargain in May of 1999. *Muhammad*, ¶¶ 8, 11. Similar to this case, he received a six-year deferred sentence, conditioned on compliance with various probation requirements. *Muhammad*, ¶ 11. In January 2000, the State filed a petition to revoke the defendant's sentence. *Muhammad*, ¶ 14. After a hearing, the District Court revoked his sentence and imposed a twenty-year commitment with fifteen years suspended. *Muhammad*, ¶ 15. The Defendant appealed, challenging both his 1999 original sentence

5

and his 2000 revocation sentence. *Muhammad*, ¶¶ 15-16. We held that we were "without jurisdiction to review" the 1999 sentence because that issue was untimely raised. *Muhammad*, ¶ 22.

¶11 In *Adams*, the Defendant argued the District Court did not have legal authority to order his adult criminal sentence to run consecutively to his juvenile disposition. *Adams*, ¶ 13. However, he never challenged this provision of his adult sentence until years later, when the State filed a petition to revoke it. *Adams*, ¶ 9. We held that, because his underlying sentence had not been appealed, he was precluded from attempting to "overturn the [original] bargain because he once again faces prison for failing to follow the terms of his probationary sentence." *Adams*, ¶ 21. We further explained that this holding was consistent with our general principle to "not put a district court in error for an action in which the appealing party acquiesced or actively participated." *Adams*, ¶ 21 (citation omitted).

¶12 Landucci responds by citing *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), where we acknowledged a "narrow sentence-specific exception to the contemporaneous objection/waiver rule." *State v. Thibeault*, 2021 MT 162, ¶ 9, 404 Mont. 476, 490 P.3d 105 (citing *Lenihan*, 184 Mont. at 342-43, 602 P.2d at 999-1000). The *Lenihan* Rule provides that "unpreserved assertions of error that a particular sentence or sentencing condition was either facially illegal . . . or facially legal but authorized by a facially unconstitutional statute, are subject to review for the first time on appeal." *Thibeault*, ¶ 9. However, *Lenihan* does not stand for the proposition that an untimely appeal can be taken from a years-old judgment simply because it pertains to sentencing. *Lenihan* preserves the

right of a defendant to challenge a facial illegality in his sentence that he did not contemporaneously object to—within a timely filed appeal. *Lenihan* does not release a defendant from the requirement to file a timely appeal from a judgment.

¶13 Landucci argues that *Muhammad* and *Adams* "cannot be read to preclude this Court from reviewing the district court's revocation of Landucci's sentence and its imposition of a new MSP sentence, where Landucci timely appealed the same." Landucci is correct that we are not prohibited from reviewing the 2021 revocation judgment; however, Landucci's challenge is not to the legality of the 2021 judgment. Rather, he is challenging the underlying judgment by arguing the District Court erred in 2014 by imposing a deferred sentence that was longer than three years. The time for appealing that alleged error passed years ago. *Seals*, ¶ 15.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶15 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON

7