No. 05-711

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 71

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEPHEN SEALS,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DC 1999-13933,
                 Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeffry L. Olson, Office of the Public Defender, Missoula, Montana

For Respondent:

Hon. Mike McGrath, Montana Attorney General, Ilka Becker,
Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, Missoula County Attorney, Dale Mrkich,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  September 26, 2006

Decided:  March 13, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Stephen Seals (Seals) was convicted of three felony counts of criminal possession of dangerous drugs and two misdemeanor counts of criminal possession. After entering into a plea agreement, he was sentenced to the Department of Corrections. He was ordered to serve a portion of the sentence, but the remainder was suspended. After completing his served sentence but before discharging his suspended sentence, Seals was arrested on probation violations. He was not charged with additional offenses. The District Court revoked his suspended sentence and imposed new sentences. Seals appeals these new sentences claiming they are not statutorily allowed. We reverse with instructions.

## ISSUE

¶2     The sole issue on appeal is whether the sentence imposed upon revocation is within the statutory parameters.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In September 1999 Seals was charged by Information with three counts of felony possession of dangerous drugs (Count I-LSD, Count II-Psilocybin, and Count III-Hashish), one count of misdemeanor possession of dangerous drugs (Count IV-Marijuana), and one count of misdemeanor possession of drug paraphernalia (Count V). He initially entered pleas of not guilty. Subsequently, he entered into a plea agreement in which the State agreed to recommend the following sentences: Counts I, II, and III—commitment to the Montana Department of Corrections (DOC) for placement in a suitable facility or program, for fifteen years, with ten years suspended, to run

concurrently and with certain specified conditions; Counts IV and V—six months in Missoula County Detention Center, all suspended, to run concurrently with the commitments imposed in Counts I, II, and III, and with certain specified conditions.

¶4    On April 14, 2000, after reviewing Seal's Pre-Sentence Investigation Report, the District Court imposed the sentences recommended by the State in the plea agreement. On April 20, 2000, the court issued an amended sentencing order in which it sentenced Seals to five years with DOC on Count I; and ten years with DOC, all suspended, for Counts II and III to run concurrently with each other but consecutively to Count I. The sentences for Counts IV and V remained unchanged. The District Court entered judgment accordingly on April 28, 2000.

¶5    After serving his sentence on Count I, Seals was released to his suspended sentences on January 20, 2005. On May 19, 2005, the State moved to revoke Seals' probation on the ground that he had violated various terms and conditions included in his original and amended sentences. In August 2005 Seals admitted to the probation violations. On October 6, 2005, the District Court sentenced Seals. It revoked Seals' prior suspended sentences and sentenced him to five years at DOC on Count II, and to five years, suspended, at DOC for Count III to run *consecutively* to his Count II sentence. The conditions included in his prior judgment were re-imposed. The court expressly noted that the previous sentences on Counts I, IV and V were expired. Judgment was entered accordingly on October 31, 2005.

¶6    Seals filed a timely appeal of this revocation sentence on November 21, 2005.

**STANDARD OF REVIEW**

¶7    We review a criminal sentence for legality; that is, we determine whether the sentence is within statutory parameters. *State v. Tracy*, 2005 MT 128, ¶ 12, 327 Mont. 220, ¶ 12, 113 P.3d 297, ¶ 12. Such a determination of legality is a question of law. We reiterate that questions of law are reviewed de novo. *State v. Montoya,* 1999 MT 180, ¶ 12, 295 Mont. 288, ¶ 12, 983 P.2d 937, ¶ 12. *See also State v. Johnson*, 2000 MT 290, ¶ 13, 302 Mont. 265, ¶ 13, 14 P.3d 480, ¶ 13.

¶8    Moreover, the applicable sentencing statutes are those in effect at the time the underlying offense was committed. *Tracy*, ¶ 16.

**DISCUSSION**

¶9    The law in effect at the time Seals was arrested for his underlying offenses limited imprisonment for possession of LSD, Psilocybin and Hashish to five years for each count. Section 45-9-102, MCA (1997). As noted above, the District Court originally sentenced Seals to DOC for fifteen years, ten years suspended, for each count. These three sentences were to run concurrently with each. All three of these sentences were illegal because they were outside the parameters of the applicable sentencing statute.

¶10    Upon recognition of the illegality of the sentences, the District Court amended the sentence for Count I, imposing a legal DOC term of five years. However, the court then amended the sentences for Counts II and III and again imposed illegal sentences of ten years each, all suspended, to run concurrently with each other but consecutive to Count I. This sentence was not appealed.

4

¶11 Seals served his five years for Count I and was discharged to his suspended sentences in January 2005. In May 2005 the State moved for revocation for probation violations. Subsequently, the District Court held a revocation sentencing hearing. At the hearing the State recommended that the court revoke the suspended portion of Seals' previous Counts II and III sentences, and impose a commitment to MSP for a period of ten years, five suspended, per count. Seals pointed out that a sentence of ten years per count would be an illegal sentence because the maximum sentence the court could impose for these offenses was five years each. He requested five year suspended sentences on each count subject to completion of chemical dependency treatment. The court acknowledged it did not have the authority to sentence Seals to ten years for each count but explained that its goal was to assure that Seals would be under supervision for a total of fifteen years. Therefore, the court committed him to five years at MSP for Count II, and five years at MSP, suspended, for Count III to run consecutive to Count II.

¶12 Seals objected on the ground that commitment to MSP constituted an illegal increase of his original commitment to DOC. He also objected to the consecutive nature of the sentences, again asserting that this constituted an increase over the original concurrent sentences and was beyond the court's statutory sentencing authority provided under § 46-18-203, MCA (1997). In response, the District Court revised the sentences to provide commitment to DOC for Counts II and III, rather than to MSP, but retained the consecutive nature of the sentences.

¶13 Seals argues on appeal that under § 46-18-203(7)(c), MCA (1997), the revocation statute in effect at the time he committed his underlying offenses, the court had no

5

authority to impose a sentence that was "greater" than the sentence he originally received. The State argues that under § 46-18-401, MCA, it was within the District Court's discretion whether to run the sentences imposed upon revocation consecutively or concurrently.

¶14     It is undisputed that under certain circumstances, judges have the discretion to order sentences to run either concurrently or consecutively.  See § 46-18-401, MCA (1997 and current).  In fact, § 46-18-401(4), MCA, specifies that unless the judge otherwise orders, separate sentences for two or more offenses must run consecutively.  In Seals' original sentencing proceeding, the District Court exercised the discretion granted under § 46-18-401(4), MCA, and expressly ordered that Seals' sentences for Counts II and III would run *consecutively* to Count I but *concurrently* with each other.  While the imposition of ten-year sentences for Counts II and III was illegal, the imposition of concurrent sentences for these two counts was a lawful exercise of the judge's discretion.

¶15     We conclude that § 46-18-401, MCA, is not applicable to the revocation matter before us because sentencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by § 46-18-203, MCA, and not § 46-18-401, MCA, which is a general provision governing sentencing.  (A particular statutory provision is paramount to a general provision.  Section 1-2-102, MCA).  Given our statutory scheme, it is apparent that a sentencing court's authority to re-sentence a criminal defendant based upon an illegal sentence depends upon *when* the illegal sentence is discovered and challenged.  If the illegal sentence is challenged while the defendant is serving the sentence, the court has the authority to correct the sentence by imposing a sentence that

6

was statutorily authorized (and in keeping with *State v. Redfern*, 2004 MT 277, 323 Mont. 225, 99 P.3d 223) at the time the defendant committed his or her offense and giving the defendant credit for time served. *See DeShields v. State*, 2006 MT 58, 331 Mont. 329, 132 P.3d 540.[1] If, however, the illegal sentence is challenged during a revocation proceeding held while the defendant is serving the suspended portion of the illegal sentence, the court, upon sentencing in the revocation proceeding, is constrained by the particulars of § 46-18-203(7), MCA.

¶16    Section 46-18-203(7), MCA (1997), expressly delineates the sentencing court's available options upon revocation of a suspended sentence:

> If the court finds that the defendant has violated the terms and conditions of the suspended or deferred sentence, the court may:
> (a) continue the suspended or deferred sentence without a change in conditions;
> (b) continue the suspended sentence with modified or additional terms and conditions;
> (c) revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence; or
>  . . . .

¶17    In the case before us, the District Court could not elect to continue the suspended sentence under § 46-18-203(7)(a) or (b), because that sentence was illegal. Therefore, the court had to turn to option (c). Under this option, the District Court, upon revocation, could have required that Seals either serve the originally-imposed sentence or a lesser sentence. However, because the originally-imposed sentence was illegal, the only

---

[1] We note that in *DeShields*, we expressly stated that "[a] sentence in excess of one prescribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess." *DeShields*, ¶ 11. Therefore, as applied to the case before us, Seals' original suspended sentences for Counts II and III are not void but, rather, any term beyond five years for each count is invalid.

remaining option was to impose "any lesser sentence." When the District Court ordered Seals' suspended sentences to run consecutively rather than concurrently, as before, the resulting sentences did not qualify under the statute as "lesser sentences."

¶18 As noted above, Seals' original sentences on Counts II and III were ten years suspended to run consecutive to the served sentence for Count I but to run concurrent with each other. Thus, he was facing an unlawfully imposed term of ten years of supervision for Counts II and III. Upon revocation, the District Court corrected the unlawful sentences from ten years to five years but by making them run consecutively to one another, Seals was again facing ten years supervision; therefore, the consecutive nature of these sentences failed to render them a "lesser" sentence. Under the facts and circumstances presented, and the governing statute, the only option available to the District Court at revocation sentencing was to correct the length of the sentences from ten years to five years and retain the lawful element of the original sentences, i.e., the concurrency element.

¶19 The State argued that the District Court repeatedly expressed its intention to keep Seals under supervision for fifteen years and that we should be guided by that intention. In this case, the District Court's actions, not its intentions, dictate our ruling; we note, however, that the court could have attained its goal at the original sentencing hearing by sentencing Seals to five years per felony count to run consecutively, with Counts II and III suspended. That sentence would have complied with the following 1997 statutes: § 46-18-201(1)(e), MCA (courts may commit a defendant to DOC for a period not to exceed five years per offense ), § 45-9-102, MCA (a person convicted of criminal

8

possession of certain dangerous drugs shall be imprisoned for a term not to exceed five years), and § 46-18-401, MCA (the district court has the discretion to impose concurrent or consecutive sentences). However, because the court imposed unlawful sentences at the outset, its discretion upon imposing sentence at revocation was constrained.

## CONCLUSION

¶20    For the foregoing reasons, we reverse the District Court and direct that the sentences imposed on Counts II and III shall run concurrently and not consecutively.


/S/ PATRICIA COTTER


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE