DA 10-0547

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 44

IN THE MATTER OF:

M.W.,

A Youth Under the Age of 18.

FILED

FEB 2 8 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DJ 2007-30
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nancy G. Schwartz; NG Schwartz Law, PLLC; Billings, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

Leo Gallagher, Lewis and Clark County Attorney; Helena, Montana

Submitted on Briefs:  November 30, 2011

Decided:  February 28, 2012

Filed:

Justice Jim Rice delivered the Opinion of the Court.

¶1 The Youth Court of the First Judicial District, Lewis and Clark County, required then-juvenile M.W. to register as a sexual offender. The case was subsequently transferred to District Court, which later denied M.W.'s petition to be relieved of the registration requirement. M.W. appeals the denial of his petition. We affirm.

¶2 *Did the District Court err by denying M.W.'s petition to relieve him from the requirement to register as a sexual offender?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In June 2007, the State filed a petition in Youth Court alleging M.W. was a delinquent youth. M.W. admitted that he committed sexual assault, in violation of § 45-5-502, MCA (2005), by touching his sister's genital area. At the time of the offense, M.W. was 14 and was three or more years older than his sister. The Youth Court adjudged M.W. as delinquent and placed him on probation until the age of 18, subject to numerous conditions. M.W. was not required to register as a sexual offender.

¶4 In May 2008, the State filed a revocation petition, alleging that M.W. had violated probationary conditions. M.W. admitted to several of the allegations. The Youth Court committed M.W. to the Department of Corrections (DOC) for placement at Pine Hills Youth Correctional Facility until the age of 18, but suspended the commitment upon conditions, including that he complete a sexual offender treatment program. M.W. was not required to register as a sexual offender.

¶5 In April 2009, the State filed another revocation petition after M.W. was unsuccessfully discharged from sexual offender treatment. Describing M.W. as "a serious juvenile offender," and reasoning that, despite all reasonable efforts to keep M.W. in his home and community, placement outside the community was necessary, the Youth Court committed M.W. to the DOC for placement at Pine Hills. The court stated that M.W. was to fully comply with sexual offender treatment at Pine Hills and "shall not be discharged prior to completion of the program." In the event that M.W. failed to successfully complete the program by age 18, the State "shall request that jurisdiction of the matter be transferred to District Court for Lewis and Clark County, pursuant to Montana Code Ann. Section 41-5-208." The court also ordered that M.W. "shall register as a sexual offender at Level I," stating "[t]he statute tells me you have to register unless I can say that it's not necessary for the protection of the public and that registration is not in the public's best interest. And I don't believe I can find that at this point, so I'm going to require registration." While M.W. argued against imposition of the registration requirement, he did not appeal from the Youth Court's July 2009 dispositional order.

¶6 In August 2009, the State moved to transfer M.W.'s case to District Court and his supervision to adult probation and parole pursuant to § 41-5-208, MCA, because he was approaching age 18 and had not completed sexual offender treatment. The Youth Court granted the motion, and the District Court entered an order that M.W. was "transferred to adult supervision under the Montana Department of Corrections until he reaches the age of 25, subject to the following:

3

1. The Defendant shall participate in a program of Sexual Offender Treatment with an MSOTA affiliated counselor as approved by the Adult Probation Department and successfully complete the program; said treatment program shall be evaluated on an on-going basis by his treatment team to determine that it is meeting the defendant's treatment needs;

2. The Defendant shall register as a sexual offender at Level I . . . ."

¶7 In February 2010, the State moved to amend the transfer order to add language stating: "Should the youth complete all of his probation requirements prior to his 25th birthday, consideration may be given for an early release from supervision." The court granted the motion and amended the order accordingly.

¶8 In March 2010, M.W. filed a petition to terminate the remainder of his suspended sentence, stating he had completed sexual offender treatment and all probation requirements. The District Court granted M.W.'s petition, ordering that M.W. "shall be released from supervision by the Department of Corrections for the remaining portion of his suspended sentence." In July 2010, M.W. petitioned for an order relieving him of his duty to register as a sexual offender. The District Court denied the request, reasoning "[t]he Court concludes that it has no authority at this time to modify the sentence and grant Defendant's request. Notwithstanding its lack of authority, the Court has no inclination to grant Defendant's request." M.W. appeals.

## STANDARD OF REVIEW

¶9 "We review conclusions of law to determine if they are correct." *In re C.D.H.*, 2009 MT 8, ¶ 21, 349 Mont. 1, 201 P.3d 126 (citation omitted).

4

¶10 *Did the District Court err by denying M.W.'s petition to relieve him from the requirement to register as a sex offender?*

¶11 M.W. first challenges the original imposition of the registration requirement. He notes that, while the 2007 version of the MCA mandated registration except in limited circumstances, the 2005 version made registration discretionary with the Youth Court. Because his offense was committed in 2006, M.W. argues that the 2005 version applies, and that the discretionary provisions and associated procedures within that version "cannot be retroactively denied to him." M.W. argues that this Court's decision in *United States v. Juvenile Male*, 2011 MT 104, ¶ 9, 360 Mont. 317, 255 P.3d 110, does not operate to retroactively apply the 2007 Sexual or Violent Offender Registration Act (SVORA) amendments to him because the "procedural protections" under the 2005 Act "cannot be deleted after-the-fact" without violating ex post facto protections. Thus, M.W. argues that, because he was not afforded the protections of the 2005 law when the registration requirement was originally imposed, he cannot be validly required to register.

¶12 However, as the State notes, M.W. did not appeal from the order imposing the registration requirement entered by the Youth Court in July 2009. Under M. R. App. P. 5 (now M. R. App. P. 4(5)), M.W. had 60 days to appeal, but that time has long passed, and the challenge he now attempts to make to the original imposition of the requirement has been forfeited. *See State v. Muhammad*, 2002 MT 47, ¶ 22, 309 Mont. 1, 43 P.3d 318 (citation omitted) ("Muhammad first filed his notice of appeal on July 26, 2000, more than one year after the imposition of the banishment condition in the May 28, 1999,

Order. Therefore, since Muhammad failed to timely file a notice of appeal from the May 28, 1999, Order, he is precluded from now challenging the legality of the conditions therein imposed.").

¶13 Alternatively, M.W. argues that, even if the 2007 amendments are retroactively applicable to him, he is no longer under a duty to register because the requirement was imposed as a condition of his sentence, and he has now been released from supervision. Although no precedent is offered in support of this proposition, M.W. reasons that he "has complied with all of the terms of his probation and has been relieved of his probationary sentence, [and] is now entitled to be relieved from the probationary condition that he register as a sexual offender." The State responds that M.W. waived this argument because he is raising it for the first time on appeal, and even if this Court chooses to address M.W.'s argument, sexual offender registration is an independent requirement under Montana law.

¶14 "'The general rule is that issues not raised before the trial court and new legal theories are not considered by this Court on appeal because it is unfair to fault the trial court on an issue it was never given an opportunity to consider.'" *State v. Montgomery*, 2010 MT 193, ¶ 11, 357 Mont. 348, 239 P.3d 929 (quoting *State v. Courville*, 2002 MT 330, ¶ 5, 313 Mont. 218, 61 P.3d 749); *see also Whitehorn v. Whitehorn Farms, Inc.*, 2008 MT 361, ¶ 21, 346 Mont. 394, 195 P.3d 836. However, if an appellate argument is a change in emphasis, rather than an entirely new theory, we have considered such arguments. *See Whitehorn*, ¶ 23; *see also Becker v. Rosebud Operating Servs., Inc.*, 2008

MT 285, ¶ 18, 345 Mont. 368, 191 P.3d 435. It is correct, as the State points out, that M.W. did not argue in the District Court that, because of his release from supervision, he was relieved of the duty to register as a matter of law. He did argue that §§ 46-23-506(3) and 41-5-1513, MCA, provided discretion to the District Court to relieve him from the registration requirement because he had registered "for a sufficient time period." Further, the District Court denied M.W.'s petition, in part, upon the conclusion that it was without authority to grant relief from registration, and thus the court had the opportunity to rule on the issue. Therefore, we conclude that M.W.'s appellate argument is appropriately made.

¶15 M.W.'s argument assumes that sexual offender registration is a general sentencing condition which operates only as long as the probationary sentence is in effect. Generally, probation conditions cannot continue beyond the time of supervision. *See State v. Grana*, 2009 MT 250, ¶ 17, 351 Mont. 499, 213 P.3d 783 (emphasis added) (an internet restriction as a condition of sentence "applies *only so long* as Grana is subject to probationary conditions"). However, registration is not a general condition which a sentencing court is merely authorized to impose upon a probationary sentence. Rather, apart from the general sentencing statutes, registration is prescribed by discrete statutes that govern the imposition and duration of registration for sexual offenders, including youth offenders. Section 41-5-1513, MCA (2007); *see also* §§ 46-23-502 through -506, MCA (2007). These provisions specifically delineate the crimes for which registration must be imposed and the circumstances under which an offender may be exempted from

7

registration. *See State v. White Bear*, 2005 MT 7, ¶ 8, 325 Mont. 337, 106 P.3d 516 (citing *State v. Mount*, 2003 MT 275, ¶ 68, 317 Mont. 481, 78 P.3d 829) ("White Bear's argument is based on the incorrect premise that registration was a condition of his sentence for the previous . . . offense and, as such, was part of the punishment for that offense. Violation of the SVORA registration requirements is a separate statutory offense; the registration requirements are not part of criminal sentencing on the original sexual or violent offense."); *C.D.H.*, ¶ 28 (emphasis added) ("Section 46-23-504, MCA, calls for *all* sexual offenders to register, including those offenders designated as level 1."). Failure to register as required by these separate provisions constitutes a crime, for which criminal penalties may be imposed.[1]

¶16 "A district court's authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority." *State v. Hicks*, 2006 MT 71, ¶ 41, 331 Mont. 471, 133 P.3d 206 (citation omitted). Here, sentencing courts are constrained and must impose registration under the terms of the governing statutes. Courts have no authority to exempt or release a defendant from registration unless authorized to do so by these provisions. Other jurisdictions have likewise held. *See State v. Myers*, 256 P.3d 13, ¶¶ 42, 44 (N.M. 2011) (internal citations omitted) ("SORNA registration is not a

---

[1] Violation of a condition of supervision may result in revocation of the suspended sentence. Section 46-18-203(7), MCA. Violation of the registration requirement is a crime under § 46-23-507, MCA ("A sexual or violent offender who knowingly fails to register, verify registration, or keep registration current under this part may be sentenced to a term of imprisonment of not more than 5 years or may be fined not more than $10,000, or both.").

sentence, nor is it a condition of release. Rather, 'registration and notification provisions under SORNA are immediate and automatic'. . . . 'The duty to register . . . arises by legislative mandate, not by court order. . . . The duty to register is an independent statutory duty with a remedial purpose and is not terminated by dismissal of criminal charges.'"); *State v. Munds*, 922 P.2d 215, 217 (Wash. App. Div. 3 1996) ("the duty to register as a sex offender arises pursuant to legislative mandate, rather than by order of the sentencing court" and rejecting defendant's argument that registration was not required because he was not under supervision); *State v. Robinson*, 142 P.3d 729 (Idaho 2006) (rejecting request of defendant—who pled guilty to a sexual offense and was placed on probation, then completed probation and successfully petitioned to set aside his guilty plea—to be relieved from registration because he had not satisfied the statutory requirements). While M.W.'s disposition order may have treated registration as a condition of sentence, nonetheless it was also a stand-alone requirement dictated by statute.[2]

¶17　Section 41-5-1513(1)(d), MCA (2007), requires a delinquent youth who has been adjudicated for a sexual offense, as defined by § 46-23-502, MCA, to register unless the court finds that the youth has not previously been adjudicated for a sexual offense, that registration is not necessary for protection of the public, and that relief from registration is in the public's best interest. *See C.D.H*, ¶ 24. M.W. was adjudicated of such a sexual

---

[2] As quoted above, in ¶ 6, the court's order did not expressly designate registration as a condition of sentence. However, the parties have commonly referred to the requirement as a "condition" throughout these proceedings.

offense and registration was imposed because, as the Youth Court indicated, it could not find the facts necessary under the statute to exempt M.W. from the requirement. M.W. did not appeal from the order imposing the requirement. Then, the duration of a youth's registration requirement is governed by several provisions, beginning with § 41-5-1513(5), MCA. It provides as follows:

> The duration of registration for a youth who is required to register as a sexual or violent offender must be as provided in 46-23-506, except that the court may, based on specific findings of fact, order a lesser duration of registration.

In turn, § 46-23-506, MCA, which is part of the adult sexual offender registration statutes, provides, in pertinent part, as follows:

> **46-23-506. Duration of registration.** (1) A sexual offender required to register under this part shall register for the remainder of the offender's life, except as provided in subsection (3) or during a period of time during which the offender is in prison.
>
> . . .
>
> (3)(b) [Except for circumstances not applicable here], at any time after 10 years of registration for a level 1 sexual offender and at any time after 25 years of registration for a level 2 sexual offender, an offender may petition the sentencing court or the district court for the judicial district in which the offender resides for an order relieving the offender of the duty to register. . . . The court may grant the petition upon finding that:
> (i)   the offender has remained a law-abiding citizen; and
> (ii)  continued registration is not necessary for public protection and that relief from registration is in the best interests of society.

¶18   Applying these provisions here, the Youth Court entered no "specific findings of fact" necessary under § 41-5-1513(5), MCA, to order a lesser duration of M.W.'s registration requirement. It simply ordered that M.W. "shall register as a sexual offender at Level I." Consequently, registration was imposed for the standard duration, which, as

10

stated by § 41-5-1513(5), MCA, is governed by § 46-23-506, MCA. Under § 46-23-506, MCA, registration is imposed for life, but permits level 1 and level 2 offenders to petition the court for relief of the requirement after a period of registration. The period is 10 years for level 1 offenders, and 25 years for level 2 offenders. M.W. was designated a level 1 offender, and thus may petition for relief from registration only after he has completed a 10-year period of registration. M.W.'s registration requirement began with the Youth Court's order in July 2009.

¶19 The District Court analyzed the issue correctly by concluding that it did not have authority, at the present time, to relieve M.W. from the registration requirement. Under his sentence, M.W. must register for a period of 10 years before he becomes eligible to seek relief of the requirement. Nothing in our opinion today forecloses M.W.'s ability to petition the court for such relief from registration after that period has elapsed.

¶20 Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

11

Justices