DA 12-0443

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 189

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KRISTOPHER RONALD ADAMS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 06-506
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Eileen A. Larkin, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  May 1, 2013

Decided:  July 15, 2013

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Kristopher R. Adams (Adams) received a suspended sentence for the offense of felony theft in 2007 that was ordered to run consecutively "to Defendant's revocation" in another proceeding, wherein Adams was serving probation after being transferred from juvenile to adult supervision.  Adams appeals the denial by the Fourth Judicial District Court, Missoula County, of his motion to dismiss the State's 2012 petition to revoke his 2007 suspended sentence.  We affirm.

¶2      We address the following issue on appeal:

¶3      *Did the District Court err by denying Adams' motion to dismiss the State's petition to revoke?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      In 2005, while Adams was a juvenile, he committed numerous offenses that would have constituted criminal offenses if committed by an adult, including burglaries, thefts, criminal mischief, unauthorized use of a motor vehicle, possession of drug paraphernalia, and obstructing a police officer.  These offenses were the subject of multiple delinquency petitions filed in Youth Court by the State and were ultimately adjudicated under cause number DJ 04-88.  Judge Harkin found Adams to be a delinquent youth on October 25, 2005, and committed him to the Department of Corrections (DOC) until age 18, with a recommendation for placement at the Pine Hills Youth Correctional Facility (2005 Disposition or DJ 04-88).  Adams was placed at Pine Hills until he was released to juvenile probation in September 2006.  In the two months following his release, Adams committed several probationary violations.  On November 28, 2006, Judge Harkin

2

ordered a transfer of jurisdiction of Adams' case to the district court and transfer of supervisory responsibility to adult probation services pursuant to § 41-5-208, MCA (2005).[1] Adams, then age 18, was placed on adult probation supervision until his 21st birthday.

¶5 The same day, November 28, 2006, Adams stole a vehicle from the Safeway parking lot in Missoula. Several new DVDs were in the backseat of the car, which Adams sold for cash. Two days later, when the stolen car ran out of gas, Adams stole a second vehicle from a residential area in Missoula. Adams was apprehended and charged by information with one count of felony theft and two counts of misdemeanor theft in cause number DC 06-509, presided over by District Court Judge McLean. The State also filed a petition to revoke Adams' probation in DJ 04-88 based upon the new charges.

¶6 Adams and the State entered a plea bargain agreement to resolve the charges. In exchange for Adams' plea of guilty to felony theft, the State agreed to dismiss the two misdemeanor charges. Pursuant to § 46-12-211(1)(b), MCA, the plea bargain included the parties' agreement that a three-year commitment to DOC, all suspended, would be an "appropriate disposition" for the offense. The parties further agreed that this sentence would not commence until Adams discharged his disposition in DJ 04-88 or, in the words of the plea agreement, "[t]his case shall run consecutive to Defendant's revocation in DJ-04-88." In his interview with the author of the presentence investigation report, Adams

---

[1] Unless otherwise noted, all references to Titles 45 and 46, Montana Code Annotated, are to the 2005 version. "[T]he applicable sentencing statutes are those in effect at the time the underlying offense was committed." *State v. Seals*, 2007 MT 71, ¶ 8, 336 Mont. 416, 156 P.3d 15.

said, "I believe I should be sentenced to what is recommended in the plea-agreement." Adams thereafter entered a guilty plea to the felony theft charge.

¶7 At the sentencing hearing on March 26, 2007, Judge McLean accepted the terms of the plea agreement and committed Adams to the DOC for three years, all suspended, for the felony theft offense (2007 Sentence). Pursuant to the plea bargain agreement, the District Court ordered the 2007 Sentence to run consecutively to the disposition to be imposed in the revocation proceeding pending in DJ 04-88. Consistent with his negotiation of the plea agreement, Adams offered no objection to the sentence, and did not appeal or otherwise challenge the 2007 Sentence.

¶8 On April 10, 2007, Judge Harkin presided over the revocation hearing in DJ 04-88. Judge Harkin revoked the disposition and committed Adams to the DOC until his 21st birthday, with no time suspended. Adams did not object to the commitment and did not appeal. Adams entered the Treasure State Correctional Training Center, or "boot camp," on August 15, 2007. Adams failed to successfully complete boot camp and he was transferred by the DOC to Montana State Prison on October 5, 2007. Adams remained at the prison until he completed the commitment and was released on his 21st birthday in November 2009 to begin serving his 2007 Sentence.

¶9 Adams' supervision was transferred to Washington state pursuant to the Interstate Compact for Adult Offender Supervision to permit Adams to reside there. He violated the terms of his supervision and was returned to Montana for his failure to abide by conditions. In January 2012, less than three years after he discharged his commitment in

4

DJ 04-88, the State filed a petition to revoke Adams' 2007 Sentence. Adams filed a motion to dismiss the petition to revoke, arguing the District Court did not have authority in 2007 to order his adult criminal sentence to run consecutively to the disposition in DJ 04-88. The District Court denied the motion.

¶10 Adams entered admissions to the petition to revoke, requesting inpatient chemical dependency treatment and reserving his right to appeal. The District Court revoked Adams' 2007 Sentence and committed him to the DOC for three years with credit for 170 days served (2012 Revocation Sentence). Adams appeals.

## STANDARD OF REVIEW

¶11 "We review a district court's revocation of a suspended sentence for abuse of discretion." *State v. Tirey*, 2010 MT 283, ¶ 19, 358 Mont. 510, 247 P.3d 701. We review a criminal sentence for legality to determine whether the sentence is within statutory parameters. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15. Such a determination of legality is a question of law, which is reviewed de novo. *Seals*, ¶ 7.

## DISCUSSION

¶12 *Did the District Court err by denying Adams' motion to dismiss the State's petition to revoke?*

¶13 Adams argues that an adult sentence cannot be ordered to run consecutively to a juvenile disposition, which is civil in nature. Adams asserts that "[b]ecause a youth court's disposition is not a sentence, it does not fall within the statutory requirement that 'separate sentences for two or more offenses must run consecutively unless the court otherwise orders,'" citing § 46-18-401(4), MCA. Adams essentially argues that an adult

5

sentence can never run consecutively to a juvenile disposition and, therefore, as a matter of law, his 2007 Sentence ran concurrently with the 2005 Disposition. Thus, his 2007 Sentence expired prior to the State's filing of the revocation petition and the petition was untimely.

¶14 The State responds that Adams waived his right to challenge his sentence because he affirmatively asked the District Court to impose this sentence and thus acquiesced in it, citing *State v. Micklon*, 2003 MT 45, 314 Mont. 291, 65 P.3d 559, and he also failed to appeal. The State alternatively argues that § 46-18-401(1)(b), MCA, "operated as a matter of law to require the suspended sentence in this case to run consecutively to the period still to be served on the probationary term that was imposed as a result of the § 208 transfer order." Consequently, the petition to revoke was timely filed.

¶15 We must first consider Adams' ability to challenge his sentence given his failure to appeal its imposition. A defendant has 60 days from the entry of the judgment to file an appeal challenging a sentence. M. R. App. P. 4(5)(b)(i).[2] If a defendant does not appeal, he is generally precluded from later challenging the legality of the sentence. *State v. Muhammad*, 2002 MT 47, ¶ 22, 309 Mont. 1, 43 P.3d 318.

¶16 Muhammad was sentenced in May 1999 for sexual intercourse without consent, pursuant to a plea bargain agreement. *Muhammad*, ¶¶ 8, 11. He received a six-year deferred imposition of sentence, subject to probationary conditions. He did not appeal.

---

[2] Formerly M. R. App. P. 5(b). *See* Or., *In Re: Rules of Appellate Procedure*, (Mont. July 3, 2007) (No. AF 07-0016).

6

*Muhammad*, ¶¶ 11, 22. In January 2000, the State filed a petition to revoke Muhammad's sentence for violating conditions. *Muhammad*, ¶ 14. After a hearing, the District Court revoked the sentence and imposed a 20-year commitment to the DOC, with 15 years suspended, and imposed conditions. *Muhammad*, ¶ 15. Muhammad then appealed, challenging both his 1999 sentence and his 2000 revocation sentence. *Muhammad*, ¶¶ 15-16, 23. We held that, because Muhammad had failed to timely appeal from his 1999 sentence, we were "without jurisdiction to review" it,[3] although we were able to review Muhammad's timely appeal of his 2000 revocation sentence. *Muhammad*, ¶ 22. *See also State v. White*, 2008 MT 464, ¶ 20, 348 Mont. 196, 199 P.3d 274 (overruled on other grounds) (citing *Muhammad*, ¶ 22, "White may not, within the context of the [2007] revocation proceeding, challenge the legality of the conditions imposed on her 1997 suspended sentence, as such a challenge is untimely."); *In re M.W.*, 2012 MT 44, ¶ 12, 364 Mont. 211, 272 P.3d 112 (citing *Muhammad*, ¶ 22, "M.W. did not appeal from the order imposing the registration requirement entered by the Youth Court in July 2009. . . . the challenge he now attempts to make to the original imposition of the requirement has been forfeited.").

¶17 As he did in his motion to dismiss before the District Court, Adams is here challenging his 2007 Sentence as illegal, arguing that "the sentence contained in the [2007] plea agreement was not authorized by law." However, Adams did not challenge the 2007 Sentence until the State filed a petition to revoke in 2012, and his challenge is

---

[3] We have since sought to be more circumspect in our use of the term "jurisdiction." *See State v. Garrymore*, 2006 MT 245, ¶ 10 n. 1, 334 Mont. 1, 145 P.3d 946.

untimely. He is now limited to challenging the 2012 Revocation Sentence. *Muhammad*, ¶ 22; *White*, ¶ 20.

¶18 In *Seals*, we held that a previously imposed illegal sentence may be corrected during a revocation proceeding under certain circumstances. *Seals*, ¶ 15. As relevant to this case, we explained:

> [A] sentencing court's authority to re-sentence a criminal defendant based upon an illegal sentence depends upon *when* the illegal sentence is discovered and challenged. If the illegal sentence is challenged while the defendant is serving the sentence, the court has the authority to correct the sentence by imposing a sentence that was statutorily authorized . . . *If, however, the illegal sentence is challenged during a revocation proceeding held while the defendant is serving the suspended portion of the illegal sentence, the court, upon sentencing in the revocation proceeding, is constrained by the particulars of § 46-18-203(7), MCA.*

*Seals*, ¶ 15 (emphasis added). Thus, for a sentence—like Adams'—that is challenged as illegal while the defendant is serving the suspended portion, the revocation court cannot resentence the defendant under the general sentencing statutes, but is "constrained by the particulars" of the revocation sentencing provisions when correcting any illegality. *Seals*, ¶ 15.

¶19 Application of these principles demonstrates that Adams' revocation challenge to the consecutive nature of his 2007 Sentence is unavailing. As we explained in *Seals*, § 46-18-401, MCA, which governs the designation of a sentence as consecutive or concurrent, is not part of the revocation sentencing provisions. *Seals*, ¶ 15 ("§ 46-18-401, MCA, is not applicable to the revocation matter before us because sentencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by

8

§ 46-18-203, MCA, and not § 46-18-401, MCA, which is a general provision governing sentencing.").[4] The general authority to designate a sentence to run concurrently is not within "the particulars" of the revocation statutes and is not an issue that could be addressed or "corrected" during the 2012 revocation proceeding. *Seals*, ¶ 15.

¶20 Further, by the time of the 2012 revocation proceeding, Adams' 2005 Disposition had already been served and discharged, and thus there was no earlier disposition with which the 2012 Revocation Sentence could be coordinated. Adams' 2012 Revocation Sentence does not address the issue of its concurrent or consecutive nature. Because the 2012 Revocation Sentence is the only sentence Adams can now challenge, *Muhammad*, ¶ 22, the consecutive designation of the 2007 Sentence is not properly raised here.

¶21 As the State notes, we generally "will not put a district court in error for an action in which the appealing party acquiesced or actively participated." *Micklon*, ¶ 10 (citations omitted); *see also State v. Walker*, 2007 MT 205, ¶ 14, 338 Mont. 529, 167 P.3d 879. The wisdom of that principle is well illustrated here. In 2007, after a run of criminal behavior, Adams actively sought and bargained for a probationary sentence that would avoid his commitment to a correctional facility. He asked to be sentenced to, and he received, a probationary sentence that would run consecutively to his 2005 Disposition. Years later, after obtaining the benefit of that bargain, including probation

---

[4] We reversed the provision in Seals' revocation sentence that required it to run consecutively and ordered it to run concurrently. *Seals*, ¶ 20. However, we did so, not by reason of § 46-18-401, MCA, but because the District Court had violated § 46-18-203(7), MCA, the revocation sentencing provision requiring the District Court to impose "the [original] sentence imposed or any lesser sentence." *See Seals*, ¶ 19.

and dismissal of other charges, Adams now seeks to overturn the bargain because he once again faces prison for failing to follow the terms of his probationary sentence. Further, had Adams timely objected to the consecutive nature of the 2007 Sentence, the District Court would have had the opportunity to fashion a sentence to run concurrently with the 2005 Disposition. However, Adams did not raise the issue.

¶22    The District Court properly denied Adams' motion to dismiss the petition.

¶23    Affirmed.

/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER