DA 13-0566

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 217N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JASON MITTELSTEDTER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 02-80B
Honorable Mike Salvagni, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Robin A. Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana


Submitted on Briefs:  July 2, 2014
Decided:  August 12, 2014


Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and the Montana Reports.

¶2 Jason Mittelstedter filed a consolidated appeal of three district court cause numbers from the Eighteenth Judicial District Court, Gallatin County: DC 02-80, DC 02-93, and DC 04-248. However, Mittelstedter only raises on appeal issues that relate to his sentencing on revocation in DC 04-248. We affirm in part, reverse in part, and remand for limited proceedings consistent with this Opinion.

¶3 In 2004, the State charged Mittelstedter with felony theft (Count 1), felony burglary (Count 2), and misdemeanor theft, common scheme (Count 3) after he fraudulently charged $3,997.32 worth of equipment to three hardware and lumber stores in Bozeman, burglarized a Bozeman residence, and caused $4,561.98 worth of damages when he broke into and stole items from numerous vehicles. On December 23, 2004, Mittelstedter signed an acknowledgement and waiver of rights and pleaded guilty to all charges against him. In February 2005, Mittelstedter received the following sentences, which were ordered to run concurrently: a 3-year commitment to the Department of Corrections (DOC) for Count 1; a 15-year commitment to Montana State Prison (MSP) with all time suspended for Count 2; and a 180-day commitment in the Gallatin County Detention Center with all time suspended for Count 3. As a condition of the suspended

2

sentences Mittelstedter was ordered to pay $8,559.30 in restitution. The judgment did not specify that restitution was being ordered pursuant to any particular count, but rather required restitution be paid as a condition of the consolidated judgment. Mittelstedter did not object to the manner in which restitution was imposed.

¶4 In December 2007, the District Court revoked Mittelstedter's felony sentences on Counts 1 and 2.[1] Prior to sentencing, Mittelstedter signed an acknowledgement and waiver of rights in which he admitted to all allegations contained in the petition to revoke. The State recommended that only Count 2 be revoked, and that Mittelstedter be committed to the DOC for 15 years with 10 years suspended "upon the normal terms and conditions of the court including that the defendant pay all financial obligations previously ordered by the court." The District Court, however, sentenced Mittelstedter on both counts to concurrent DOC commitments with credit for time served of 10 years with 5 years suspended for Count 1, and 15 years with 10 years suspended for Count 2. The court ordered Mittelstedter, for the second time, to pay $8,559.30 in restitution. Mittelstedter did not object to reimposition of restitution.

¶5 The record shows that Mittelstedter's 3-year commitment on Count 1 was discharged on October 17, 2007. As noted above, the State filed its petitions to revoke in December 2007. As a matter of law, a discharged sentence cannot be revoked. *See generally* § 46-18-203, MCA. Thus, the District Court did not have authority to resentence Mittelstedter on Count 1 once that sentence had been discharged. The State concedes this point. We therefore reverse and remand on Count 1, with instructions to

---

[1] Mittelstedter had already served his sentence of 180 days on Count 3.

3

vacate all sentences imposed on Count 1 subsequent to Mittelstedter's discharge of that sentence on October 17, 2007.

¶6 On July 8, 2013, the District Court considered, during a consolidated revocation hearing, the State's petition to revoke in DC 02-80, DC 02-93, and DC 04-248. Prior to sentencing, Mittelstedter signed an acknowledgement and waiver of rights in which he admitted to all allegations contained in the petition to revoke. The District Court sentenced Mittelstedter to the DOC for 5 years in DC 02-80, and to the DOC for 7 years in DC 02-93. In DC 04-248, Mittelstedter was sentenced on Count 1 to the DOC for 5 years, and on Count 2 to the DOC for 7 years.[2] All sentences were to run concurrently. For the third time, the District Court ordered Mittelstedter to pay $8,559.30 in restitution. Again, Mittelstedter did not object to reimposition of the restitution.

¶7 Mittelstedter argues on appeal that because his revocation and sentence on Count 1 was illegal, the judgment in its entirety is "void" and thus any garnishment collected by the DOC and/or MSP should be "refunded." The State maintains that the District Court's reimposition of the $8,559.30 restitution obligation was a condition of the original sentence. The State maintains that that the District Court did not exceed its statutory mandate and that the restitution obligation was therefore not illegally imposed on Count 2.

¶8 We review a criminal sentence for legality to determine whether the sentence is within statutory parameters. *State v. Adams*, 2013 MT 189, ¶ 11, 371 Mont. 28, 305 P.3d 808 (citing *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15). Here, the

---

[2] We have already addressed the legality of the sentence imposed on Count 1 above.

4

District Court did not exceed its statutory authority when it revoked Mittelstedter's sentence on Count 2 and ordered him to pay $8,559.30 in restitution. If a court finds that an offender has violated the terms and conditions of the suspended sentence, the court may revoke the suspension of sentence and require the offender to serve the sentence imposed. Section 46-18-203(7)(a)(iii), MCA. For Count 2, the District Court originally sentenced Mittelstedter to a 15-year commitment at MSP, with 15 years suspended subject to conditions, including the condition that Mittelstedter pay all financial obligations as required by the order. The District Court did not apportion the $8,559.30 restitution amount to each of the three counts contained in DC 04-248, and Mittelstedter did not object to the District Court's failure to do so either at his first revocation hearing in December 2007, or at his second revocation hearing in July 2013. It is well settled that "[t]his Court considers issues presented for the first time to be untimely and will not consider them on appeal." *State v. Godfrey*, 2009 MT 60, ¶ 41, 349 Mont. 335, 203 P.3d 834 (citing *State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, 126 P.3d 463). Furthermore, Mittelstedter has failed to provide any authority to support his proposition that the restitution imposed pursuant to the judgment exceeded statutory parameters and was thus illegal. In resentencing Mittelstedter on Count 2, the District Court did nothing more than order Mittelstedter to serve the sentence for Count 2 as originally imposed, which included a requirement that he pay $8,559.30 in restitution.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The restitution issue in this case is legal and is controlled by settled Montana law, which the

District Court correctly interpreted. The District Court is affirmed as to this issue. This case is reversed in part and remanded to the District Court with instructions to vacate any sentence imposed on Count 1 of DC 04-284, following October 17, 2007.

¶10    Affirmed in part, reversed in part, and remanded with instructions.


                                                    /S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT