FILED

09/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0318

DA 15-0318

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 233N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DUEY DEAN HONKA,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis and Clark, Cause No. CDC-2005-236
                  Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas A. Dooling, Dooling Law Office, PLLC, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
          Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Jeff Sealey, Deputy
          County Attorney, Helena, Montana

                            Submitted on Briefs:  July 20, 2016

                                    Decided:  September 20, 2016

Filed:

                                      _____
                                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Duey Dean Honka appeals the March 18, 2015 order of the First Judicial District Court, Lewis and Clark County, revoking his suspended sentence for his previous felony DUI convictions, amending judgment, and sentencing him to five years in the Montana State Prison (MSP), with four years suspended.  We affirm.

¶3    In 2005, Honka was charged with three separate counts of felony DUI occurring in April 2005 (Felony 1), June 2005 (Felony 2), and July 2005 (Felony 3).  Honka pleaded guilty to Felony 1 and the District Court sentenced him to thirteen months with the Department of Corrections (DOC), followed by a five-year MSP suspended sentence.  Honka also pleaded guilty to Felony 2 and Felony 3 and, for each count, the court sentenced him to thirteen months with the DOC, followed by a five-year MSP suspended sentence.  The court ordered the sentence imposed in Felony 2 to run consecutively to the sentence imposed in Felony 1 and the sentence imposed in Felony 3 to run consecutively to the sentence imposed in Felony 2.  Honka did not appeal any of these sentences.

¶4    Honka's sentence expired to probation in November 2007.  Consequently, Honka's five-year suspended sentence for Felony 1 expired in October 2011 and he then

2

began his five-year suspended sentence for Felony 2. In June 2013, Honka was arrested for probation violations and the State immediately filed a petition to revoke the five-year suspended sentence imposed in Felony 3. Honka was initially represented by a public defender, but filed a pro se motion to dismiss the revocation petition. Honka subsequently retained private attorney Thomas Dooling, who filed another motion to dismiss and later filed additional pretrial motions. Honka argued that his 2005 sentences were unlawful, that he had completed his sentences for Felony 2 and Felony 3 before his alleged probation violations occurred, and further claimed that the DOC had violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (2012) (ADA), during his incarceration and probation. The State responded to Honka's motions, contending that his sentences were lawful and that he was still serving his sentence when the State filed its revocation petition, and further questioning whether his ADA claim was appropriately raised in the revocation proceeding.

¶5 On April 22, 2014, the District Court issued an order denying both Honka's motion to dismiss and his additional pretrial motions. The court found his sentencing challenges moot because he did not appeal his 2005 sentences, and also found that his suspended sentence had not yet expired when the State filed its revocation petition. In June 2014, the District Court granted the State's revocation petition for Felony 3 and subsequently sentenced Honka to a five-year MSP sentence, with four years suspended.

¶6 On May 18, 2015, Honka filed a notice of appeal with this Court. Honka challenges the legality of his 2005 sentence and contends that he completed his probationary period before the State filed its revocation petition. He also maintains an

3

ADA claim against the DOC, alleging that the agency's acts or omissions during Honka's prior incarceration and probation violated his rights under the statute. The State counters that Honka's sentencing challenge is untimely, that he was still under probation when the State filed its revocation petition, and that he improperly raised his ADA claim in the revocation proceeding.

¶7 We review a district court's decision to revoke a suspended sentence for abuse of discretion and whether a preponderance of the evidence supports the court's decision. *State v. Cook*, 2012 MT 34, ¶ 12, 364 Mont. 161, 272 P.3d 50. To revoke a suspended sentence, the trial judge must be reasonably satisfied that the probationer breached his agreement to abide by certain conditions in exchange for his liberty. *Cook*, ¶ 12.

¶8 We first address Honka's ADA claims. It is important to note that a revocation proceeding is a "purely administrative action." *State v. Haagenson*, 2010 MT 95, ¶ 15, 356 Mont. 177, 232 P.3d 367. In this case, its purpose was to determine if Honka violated his probation conditions and whether his suspended sentence should be revoked as a result, not to decide whether the DOC violated the ADA during Honka's prior incarceration or probationary period. The DOC is not a party to a revocation proceeding. If Honka believes he has a cognizable claim under the ADA, he may raise it in a separate civil proceeding against the DOC. The ADA claim was improperly raised during the criminal suspended sentence revocation proceeding. *See Wilson v. Commonwealth*, 522 S.E.2d 385, 387 (Va. Ct. App. 1999); *see also In re Diamond H.*, 98 Cal. Rptr. 2d 715, 722 (Cal. Dist. Ct. App. 2000).

¶9 We next review Honka's legal challenge to his 2005 sentences. Under Montana Rule of Appellate Procedure 4(5)(b)(i), "a defendant has 60 days from the entry of the judgment to file an appeal challenging a sentence." *State v. Adams*, 2013 MT 189, ¶ 15, 371 Mont. 28, 305 P.3d 808. Since Honka did not directly appeal his 2005 sentences within 60 days, we conclude that his current appeal of these sentences is untimely.

¶10 Lastly, Honka's claim that he discharged his probationary sentence before the State filed its revocation petition is unavailing. The District Court found no legal or logical support for this contention and we agree. As noted above, when the State filed its revocation petition for Felony 3 in June 2013, Honka had not completed his probationary sentence for Felony 2 and had yet to begin his additional sentence for Felony 3. Given that § 46-18-203(2), MCA, allows a revocation petition to be filed with the sentencing court before a suspended sentence has begun, we conclude that the State filed a timely petition to revoke Honka's suspended sentence.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE