FILED

11/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0681

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0681

FILED

NOV 2 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DANIEL R. WOOD,

Petitioner,

v.

BRIAN GOOTKIN,

Respondent.

ORDER

Daniel R. Wood has filed a Petition for Writ of Habeas Corpus, explaining that he has an unlawful criminal sentence revocation. He raises several issues: (1) Wood "claims that the Montana Court was bound by state law to honor the Denver court's order merging the sentences[;]" (2) he contends that the 2014 and 2017 sentences upon revocation impose a longer term of commitment than the original sentence, exceeding statutory parameters; (3) Wood requests credit for time served from March 20, 2008 to June 8, 2012; and (4) Wood claims that the State "perpetuated an unreasonable delay in the execution of warrants issued in March 2008[,]" thereby delaying his revocation hearings until 2014. Wood states that "[s]eemingly, these 2004 sentences are never going away."

Wood provides his sentencing history along with some attachments. This Court secured copies of his sentencing judgments. In 2004, Wood had three, pending criminal cases in the First Judicial District Court, Lewis and Clark County (collectively, "Montana sentences"). On November 4, 2004, the District Court sentenced Wood to the Department of Corrections (DOC) for two eight-year terms with five years suspended for felony forgery and felony issuing a bad check to run concurrently with each other (Cause No. BDC 2004-138). The court awarded credit for time served from May 29, 2004 to June 24, 2004 and July 7, 2004 to November 4, 2004, or 148 days.

The District Court sentenced him to the DOC for felony intimidation for an eight-year term with five years suspended (Cause No. CDC 2004-126) and for an eight-year, DOC term with five years suspended for felony forgery (Cause No. CDC 2004-286). All sentences were to run concurrently with each other and with the sentence above. The court awarded the same credit for time served: May 29, 2004 to June 24, 2004 and July 7, 2004 to November 4, 2004.

In 2008, Wood found himself charged with a new offense there. On July 28, 2008, after he entered a guilty plea in May to theft, the Denver County, State of Colorado, District Court imposed a sixteen-year sentence to the Department of Corrections ("Colorado sentence"). The court awarded 100 days of credit for time served. This court stated: "5 YEARS MANDATORY PAROLE. CONCURRENT TO MONTANA CASE NUMBERS DC25004-126, DC25004-130 AND DC25004-286[.]" (Emphasis in original).[1] Wood attaches copies of the arrest warrants, issued on March 6, 2008, in his three cases in the Lewis and Clark County District Court.

On July 17, 2014, the Lewis and Clark County District Court held a hearing on the State's Petition to Revoke. The District Court revoked all three sentences. In Cause No. BDC 2004-138, even though the underlying convictions were for forgery and issuing a bad check, on page two, the court revoked the sentence for felony intimidation and imposed a five-year, suspended DOC sentence. The sentence was to run concurrently with his other Montana sentences and consecutively to the Colorado sentence. The court awarded time for credit served of July 14, 2014 to July 17, 2014. There is no mention of the 2004 credit for time served.

In Cause No. CDC 2004-126, the court revoked his sentence for felony intimidation and imposed a five-year, suspended DOC sentence. The sentence was to run concurrently with his other Montana sentences and consecutively to the Colorado sentence. The court

---

[1] While the Colorado had mistaken the cause numbers in its Judgment, Wood, at the time, only had three cases in Montana for which he was sentenced. For the Montana sentences, the cause numbers should have been CDC 2004-126, BDC 2004-138, and CDC 2004-286.

awarded time for credit served of: July 6, 2004 to November 22, 2004 and July 14, 2014 to July 17, 2014. There is no mention of credit for May 29, 2004 to June 24, 2004, and the other dates from 2004 do not match any dates in the original judgment.

In Cause No. CDC 2004-286, the District Court sentenced Wood upon revocation for felony forgery to the DOC for a suspended, five-year term. The court ran this sentence concurrently with his Montana sentences and consecutively to the Colorado sentence. The court awarded time for credit served of July 14, 2014 to July 17, 2014. There is no mention of credit for 2004 jail time: May 29, 2004 to June 24, 2004, and July 6, 2004 to November 22, 2004.

In the fall of 2017, the State charged Wood with felony criminal possession of dangerous drugs with intent to distribute as well as misdemeanor criminal possession of drug paraphernalia in the Lewis and Clark County District Court. The court sentenced him to the DOC for a five-year term for the felony and dismissed the misdemeanor (2017 sentence).[2] The court awarded credit for time served from October 13, 2017 to December 6, 2017.

On December 6, 2017, Wood appeared in the Lewis and Clark County District Court for another hearing on the State's Petition to Revoke for his Montana sentences. The court imposed a suspended, five-year sentence to the DOC for felony forgery (Cause No. BDC 2004-138) and awarded no credit for time served. The court stated that the sentence would run consecutively to his 2017 sentence and concurrently with his other sentences upon revocation. The court imposed a suspended, five-year DOC commitment upon revocation for felony intimidation and awarded no credit for time served (Cause No. CDC 2004-126). The sentences were run the same. Lastly, the court imposed upon revocation a five-year suspended term for felony forgery (common scheme) to the DOC (Cause No. 2004-286). The court stated how the sentences would run, but it did not mention any award of credit

---

[2] On January 10, 2018, the District Court amended its Judgment to make clear that the sentence was for the felony offense, as it mistakenly had misdemeanor.

3

from any year.[3]

We conclude that Wood has presented a compelling argument and that he may demonstrate facially invalid sentences upon revocation for his 2004 cases from the Lewis and Clark County District Court. We point to the statutory scheme for sentencing upon revocation. This Court has explained before that "sentencing upon the revocation of a suspended or deferred sentence is particularly and expressly governed by § 46-18-203, MCA, and not § 46-18-401, MCA, which is a general provision governing sentencing. (A particular statutory provision is paramount to a general provision. Section 1-2-102, MCA)." *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15. Pursuant to § 46-18-203(7)(a)(iii), MCA, the court only has authority to impose a sentence either originally imposed or lesser than the original upon revocation. *Seals*, ¶ 17. *See also Boggs v. McTighe*, No. OP 19-0313, Order granting petition for rehearing on writ of habeas corpus (Mont. Jul. 23, 2019) and *State v. Adams*, 2013 MT 189, ¶¶ 18-20, 371 Mont. 28, 305 P.3d 808.

Wood's Petition raises several issues, and we deem it appropriate to require a response to address the following: upon consideration of giving full faith and credit to the Colorado judgment, whether Wood's Montana sentences merged with the Colorado sentence; when was Wood served with the March 6, 2008 arrest warrants and whether the records or recollections of probation or other circumstances as to delay in service support credit for the elapsed time between the warrant and service; whether the Lewis and Clark County District Court erred when it ran a sentence upon revocation consecutively to the Colorado sentence; and what credit for time served or other elapsed time is Wood entitled to in either of his 2014 sentences upon revocation or his 2017 sentences upon revocation. Accordingly,

---

[3] On June 6, 2018, the Yellowstone County District Court issued a Judgment imposed concurrent, three-month terms of jail time for two misdemeanor offenses. The court also imposed a five-year DOC term for criminal possession of dangerous drugs to run concurrently with his 2017 sentence from Lewis and Clark County. The court awarded credit for time served.

4

IT IS ORDERED that:

1. Wood's underlying criminal cases, BDC 2004-138, CDC 2004-126, CDC 2004-286 and CDC 2017-441, in the Lewis and Clark County District Court are HELD IN ABEYANCE, pending resolution of this original proceeding;

2. the Attorney General or counsel for the Department of Corrections is GRANTED thirty days from the date of this Order in which to prepare, file, and serve a written response together with appropriate documentary exhibits and sentence calculation; and

3. counsel from the Appellate Defender Division is APPOINTED for Daniel R. Wood in this proceeding and for any supplemental briefing.

The Clerk is directed to provide a copy of this Order to: the Honorable Kathy Seeley, District Court Judge; the Honorable Michael F. McMahon, District Court Judge; Angie Sparks, Clerk of District Court, under Cause Nos. BDC 2004-138, CDC 2004-126, CDC 2004-286, and CDC 2017-441, and for distribution to counsel of record in these underlying criminal cases; counsel of record; Chad M. Wright, Appellate Defender Division, and Daniel R. Wood personally.

DATED this 28th day of November, 2023.

_____
Justice

5