ORIGINAL


**FILED**

08/30/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0348

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 22-0348

DAVID LLOYD LERVOLD,

  Petitioner,

v.

PETE BLUDWORTH, Warden,

  Respondent.

FILED

AUG 3 0 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, David Lloyd Lervold has filed a petition for a writ of habeas corpus, where he raises two issues. We requested that the State of Montana or Department of Corrections respond to his first issue concerning his request for time while on parole from August 16, 2018 to June 15, 2020, "the date of the violation that caused revocation of parole." The Department of Corrections (Department or DOC) responds that his sentence upon revocation of his prior suspended sentence is facially invalid because it extends his incarceration in violation of § 46-18-203(7)(a)(iii), MCA (2015).

Both Lervold and the Department provide his criminal background. On April 23, 2014, the Richland County District Court sentenced Lervold for felony driving under the influence of alcohol or drugs (DUI) to the Montana State Prison (MSP) to a five-year term with three years suspended. The Board of Pardons and Parole (Board) denied him parole initially. Lervold completed his custodial portion on December 29, 2015, and he began serving his suspended sentence. In October 2016, Lervold was arrested for felony DUI in Yellowstone County. The Yellowstone County District Court committed him to the DOC for a five-year term and awarded credit for time served (2017 sentence).

On April 12, 2017, the Richland County District Court revoked Lervold's suspended sentence and imposed a three-year DOC commitment to run <u>consecutively</u> to his 2017 sentence (2017 sentence upon revocation). (Emphasis added.) The court awarded credit

for time served as well as nine months of time while on probation or elapsed time.[1] The Department explains in its response that Lervold was placed at MSP because of his nine felony DUIs. The Board granted Lervold parole on his second appearance on July 26, 2018. MSP released Lervold on August 16, 2018.

Lervold provides that he was paroled on August 16, 2018, on two consecutive sentences. He includes a copy of a sentence calculation. He states that he "maintained successful parole without incident or violation until he was arrested [and] charged with DUI June 15, 2020." Lervold attempts to argue the issue of statutory tolling yet provides no authority. He argues that, by now, he should have discharged his 2017 sentence upon revocation.

The Department responds that Lervold's Petition should be denied except for correcting his 2017 sentence upon revocation. The Department points out that our case law precludes a district court to run a sentence upon revocation consecutively to another existing sentence. *See State v. White*, No. DA 15-0475, 2016 Mont. LEXIS 542, Order, at 1 (Aug. 2, 2016). The Department explains that his 2017 sentence upon revocation was not tolled while Lervold was on parole. Because the 2017 sentence upon revocation ran consecutively to his 2017 sentence, the Department adds that the sentence upon revocation would not start until Lervold discharged his 2017 sentence. The Department points to the clarification of the statutory authority to impose a sentence consecutively in § 46-18-401, MCA, from § 46-18-203, MCA, the statute for sentencing upon revocation. *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15. The Department explains that both the 2017 sentence and the 2017 sentence upon revocation would have commenced on the same day, April 12, 2017, when run concurrently, and that upon the amendment of his 2017

---

[1] Time while on probation is also known as street time or elapsed time. *See* § 46-18-203(7)(b), MCA (2015) ("If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit.").

sentence upon revocation running concurrently, Lervold's sentence calculation would change.

This Court agrees that Lervold's 2017 sentence upon revocation must be amended to run concurrently with his 2017 sentence from Yellowstone County. Lervold is correct that he should have discharged that sentence by now. As the Department provides, Lervold would have discharged the sentence on June 9, 2019, rather than December 21, 2023.

Lervold's second issue concerns § 61-8-401(1)(a), MCA (2019), the DUI definitions, that has since been repealed and superseded as provided in 2021 Mont. Laws ch. 498, and codified in Title 61, chapter 8, part 10, MCA. This challenge goes to his conviction and is not proper for review under this writ. Section 46-22-101(2), MCA.

We turn to Lervold's issue of additional credit. The Department provides that the Board "expressly declined to impose any 'dead time.'" Admin. R. M. 20.25.202(4) (2016) provides: "'Dead time' means the time an offender is not serving his/her sentence of incarceration because a hearing panel has determined the offender was in violation of the provisions of release." It appears that Lervold expects to receive some parity or equal treatment now as when he received elapsed time while on probation in 2017 from the Richland County District Court.

This Court has repeatedly recognized that the Board has broad discretion. Lervold, however, requests credit while on parole and before his most recent violation, triggering revocation of his parole. In seeking to acquire this additional credit, Lervold relies on *State v. Hornstein*, 2010 MT 75, 356 Mont. 14, 229 P.3d 1206. While *Hornstein* may not be the proper line of authority because the case dealt more with credit for pretrial detention while being a parole violator, we understand Lervold's confusion.

In 2013, this Court stated, when considering a challenge to dead time or credit for time served, that "the Board has the 'last word' here." *Iafornaro v. O'Fallon*, No. OP 13-0339, 2013 Mont. LEXIS 515, Order, at *3 (July 9, 2013). Petitioner Iafornaro sought habeas corpus relief for "credit for time served against his Montana sentence from February 17 through October 11, 2012[.]" *Iafornaro*, at *2. We concluded that Iafornaro was not

3

entitled to this credit. "The Board allocated as 'dead time,' the time from his first parole violation on February 17 until Iafornaro's October 11, 2012 return to Montana custody, and declined any credit for time served." *Iafornaro*, at *3. Petitioner Iafornaro could not offer "this Court any authority or basis to disturb the Board's decision[.]" Order, at *3. That line of reasoning makes sense. Here, Lervold contends that he was not in violation of his release until June 15, 2020. Lervold states that he had no violations—compliance or non-compliance—for almost two years, and his attached Report of Violation notes this good conduct. Under these circumstances, unlike in *Iafornaro*, we conclude that Lervold has shown cause to require the Department of Corrections to file a supplemental response explaining the legal and supporting factual justification, if any, for the Board's failure to consider or award Lervold any credit for time on parole from August 16, 2018 to June 15, 2020, during which he was not "in violations of the provisions of release."

Accordingly,

IT IS ORDERED that Lervold's Petition for Writ of Habeas Corpus is GRANTED in part and his underlying matter, Cause No. DC 13-010, is REMANDED to the Seventh Judicial District Court, Richland County, to amend the 2017 sentence upon revocation to run concurrently with his sentence from the Yellowstone County District Court, Cause No. DC 16-1106.

IT IS FURTHER ORDERED that Lervold's claim concerning his DUI conviction is DENIED.

IT IS FURTHER ORDERED that the Department of Corrections shall prepare, serve, and file a supplemental response in this matter explaining the legal and supporting factual justification, if any, for the Board's failure to consider or award Lervold any credit for time on parole from August 16, 2018 to June 15, 2020, during which he was not "in violations of the provisions of release."

The Clerk of the Supreme Court is directed to provide a copy to: the Honorable Katherine M. Bidegaray, District Court Judge; Janice Klempel, Clerk of District Court,

4

Richland County, under Cause No. DC 13-010; counsel of record; and David Lloyd Lervold personally.

DATED this 30 day of August, 2022.

_____

_____

_____

_____

_____
Justices